## UNITED STATES DISTRICT COURT FOR THE
## SOUTHERN DISTRICT OF NEW YORK

```
-----------------------------------------------------------------X
-------------------------------------------
Gina Robinson                          :        Civil Action No. ########
                    Plaintiff(s)       :
                                       :        **COMPLAINT**
          v.                           :
                                       :
Hon. Lynn R. Kotler                    :
J.S.C.                                 :
                    Defendant(s)  :
-------------------------------------------
-----------------------------------------------------------------X
```

Pursuant to 42 U.S.C. § 1983, and in Federal violation of Plaintiff's 14th Amendment rights to Due Process and to Equal Treatment under the Law, as well the rights to Equal Protection under the Law and Substantive Due Process, in addition to violation of New York State Constitution Article 1 § 6 and Article I § 11, as well as violation of New York State statute against Conversion, Plaintiff, and Pro se litigant, GINA ROBINSON, submits this Complaint of effect on the instant case from the United States District Court for the Southern District of New York.

All documents of the case have been filed with the New York State Courts Electronic Filing system or NYSCEF. All references to these documents shall be cited by number and the paragraphs therein, ie: (NYSCEF doc #. 1 at 7).

### PRELIMENARY STATEMENT AND NATURE OF ACTION

1. Plaintiff brings this suit against HON. JUDGE KOTLER, hereafter "Defendant," for egregiously violating 42 U.S.C. § 1983, and the14th amendment rights of GINA ROBINSON, hereafter, "Plaintiff," and seeks relief requested in the original complaint, NYSCEF doc # 1 at 485-497 with the exception of 491, dated April 21, 2022; the motion for summary judgment (granted in part), NYSCEF doc # 24 at 155-167 (with the exception of submitting the SA to

Plaintiff), dated May 13, 2022; the motion for Default (granted without relief) NYSCEF doc # 38 at 8-21(with same exception), date May 18, 2022, in addition to punitive damages amounting to ten (10) times that sought in the original pleadings, including imposed sanctions, the apologies requested of State Trial Tortfeasors, hereafter, "Tortfeasors", and any other relief this court deems beneficial to the Plaintiff or any citizen of New York or the United States.

## JURISDICTION, VENUE AND LACK OF JUDICIAL IMMUNITY

2.      This Court has jurisdiction over this case pursuant to the federal question jurisdiction 28 U.S.C. § 1331 because this case involves violations of federal law; and any state matters are intertwined with the violations of federal law; additionally, this Court has jurisdiction over the state matters in this case pursuant to diversity jurisdiction 28 U.S.C. § 1332(a), because there is diversity of citizenship among the Parties; the estimated value of the claims in this case, exclusive of interest and costs, exceeds $75,000.  Therefore, this Court has jurisdiction over this case pursuant to 28 U.S.C. § 1332(a).

3.      Venue is properly in the Unites States District Court, Southern District of New York based upon the principal place of operation of the Defendant (Hon. Judge Lynn R. Kotler).  All events took place within the island of Manhattan and the issues in controversy are all either federal issues involving the United States Constitution, in particular the 14th amendment and federal statues including 42 U.S.C. §1983, or involve violations of N.Y. State law.  When there is diversity of citizen ship; Plaintiff was a citizen Washington, D.C. at the time of the events of the State Trial Case and Defendant is and was a citizen of New York.

4.      New York Judges have no Judicial Immunity. Therefore Defendant has no immunity in this action; additionally, while some Judges performing Judicial functions may enjoy Immunity,

denial of constitutional and civil rights are absolutely not a judicial function and conflicts with any definition of a Judicial function, *Zappin v. Cooper*, 20 Civ. 2669 (ER) (S.D.N.Y. Oct. 1, 2021); and finally, Federal Courts can order State Judges to change their decision or orders if those decisions violate the constitution, *Supreme Court of Virginia v. Consumers Union*, 446 U.S. 719 (1980).

## **THE PARTIES**

5.    The full name, address, and telephone number of the Defendant are as follows:

    Hon. Lynn R. Kotler, J.S.C.
    New York County
    Supreme Court
    80 Centre Street
    New York, NY 10013
    lkotler@nycourts.gov
    scarney@nycourts.gov
    (646) 386-3339

6.    The full name, address, and telephone number of the Plaintiff are as follows:

    Gina Robinson
    *Pro se,* Plaintiff
    108 West 63rd St
    No. 22594
    Kansas City, MO 64113
    ginarobinson2018@gmail.com
    (646) 266-1142

## SUMMARY OF THE CLAIMS

**DEFENDANT UNDER COLOR OF LAW VIOLATED 42 U.S.C. § 1983, FOR DEPRIVATION OF PLAINTIFF'S 14TH AMENDMENT RIGHTS TO PROCEDURAL DUE PROCESS & EQUAL TREATMENT AS WELL AS TO SUBSTANTIVE DUE PROCESS AND THE EQUAL TREATMENT CLAUSE DUE TO VARIOUS FORMS OF DISCRIMINATION**

7.      The Defendant in this case violated 42 U.S.C. § 1983, for deprivation of Plaintiff's rights, by an officer of the United States, to 14th Amendment rights to fair treatment under the law and procedural due process on multiple occasions during a civil tort case.

8.      Plaintiff was also denied access to the equal protection clause and substantive due process in a variety of instances during the proceedings in the above case.

9.      The reason for this cavalier deprivation of rights by an officer of the state was due to Plaintiff's low socio-economic status, and status as a black, female, and pro se litigant.

10.     If any other reason for this unequal treatment and denial of due process existed, it was never presented by the State Trial Court.

11.     Civil case 153436/2022, was filed In New York County Supreme Court, against Fashion District Dental and its four principals, hereafter "Tortfeasors," on April 21, 2022, and resulted in the deliberate loss of certain civil rights as well as sanctions for the Plaintiff.

> When the government seeks to deprive a person of life, liberty or property, procedural due process requires at least for the government to afford the person notice, an opportunity to be heard, and a decision made by a neutral decision-maker. Procedural due process is required by the Due Process Clauses of the Fifth and Fourteenth Amendments to the United States Constitution

> The Fourteenth Amendment states that government cannot deprive "any person of life, liberty, or property, without due process of law."

> No State shall make or enforce any law, which shall abridge the privileges or immunities of citizens of the United States; nor shall any State deprive any

person of life, liberty, or property, **without due process of law**; nor deny to any person within its jurisdiction the equal protection of the laws."

U.S. Const. 14th and 5th Amendment

12.     During the proceedings of the state trial case, Defendant gave clear priority and deference to Tortfeasors and did numerous times violate 42 U.S.C. 1983 by denying Plaintiff's 14th Amendment, and N.Y.S. Const. Art. I § 6 and Art 1 § 11 rights to due process and equal protection under the law.

## BRIEF HISTORY

13.     The state trial case involved a contract (July 9, 2021) to fabricate a dental device, known as a spring aligner (SA), according to Plaintiff's specifications, and submit it to Plaintiff.

14.     Plaintiff paid for the SA in full on July 14, 2021, in the amount of $1050.00, but the SA was not produced per her requested specifications, nor was the SA ever delivered to her, but was instead transferred to another orthodontist on February 9, 2023, 1 year and 7 months later.

15.     During the course of this protracted transaction, Tortfeasors engaged in an array of illegal and unethical acts including three acts of forgery of Plaintiff's signature in order to commit several counts of HIPAA violations such as transferring Plaintiff's x-rays and other medical records to two different banks without authorization, several counts of fraud, and theft of the SA, for unknown reasons .

16.     Tortfeasors refused to submit the SA or a refund to Plaintiff then taunted her several times by email to sue them.

17.     Plaintiff repelled this course of action many times but was forced to file suit in New York County Supreme Court, hereafter, "State Trial Court."

18.     Throughout the proceedings, Defendant treated Tortfeasors as if they were the "Plaintiff" seeking relief, and the actual Plaintiff as if she had violated Tortfeasors rights, stole from *them*, and needed to be punished.

19.     Defendant through her actions, and in the order, took the laws of this state apart surgically and applied segments of the law to Plaintiff when it harmed her and did the same for Tortfeasors when it benefited them.

20.     Plaintiff was woefully harmed by the illegal misdeeds of Tortfeasors and when she sought relief from the State Trial Court, instead of making her whole and punishing medical fraudsters, she was further harmed and even sanctioned with additional financial burdens.

## STATEMENT OF FACTS

### PLAINTIFF'S 14TH AMENDMENT RIGHTS WERE EGREGIOUSLY VIOLATED BY DEFENDANT DUE TO DISCRIMINATION

21.     In violation of 42 U.S.C. 1983, Defendant, under color of law, deprived Plaintiff of her 14th Amendment and N.Y.S. Const. Art. I § 6 and Art 1 § 11 rights to Equal Treatment Under The Law and to Substantive and Procedural due Process.

22.     Defendant gave great forbearance to Tortfeasors and selectively utilized the law to protect Tortfeasors and to bind Plaintiff.

23.     Among the many damaging and unethical actions contrary to the laws of New York State taken by the Defendant, she did not order Tortfeasors to simply give Plaintiff her property immediately after the complaint was filed.

24.    She did not address the illegal acts by Tortfeasors and she did not punish Tortfeasors.

25.    She instead punished and ultimately, in essence, sanctioned the Plaintiff even though her final order claimed to deny the sanctions Tortfeasors were seeking.

26.    Any other reason than complex discrimination for this assault on Plaintiff's rights were not brought to the attention of the parties.

## A . Defendant denied Plaintiff equal treatment and protection under the law.

27.    In violation of 42 U.S.C. 1983, Defendant, under color of law, violated Plaintiff's 14th Amendment rights to Equal Treatment and Protection Under the Law.

28.    During the proceedings of the state trial case Defendant, gave clear priority and deference to Tortfeasors.

29.    Defendant instead stripped the Plaintiff of all the laws the state and the court had to offer in terms of protection and allowed Tortfeasors to harass, malign, haze, dox and steal from Plaintiff.

30.    Defendant manipulated the law to such a degree that Plaintiff was denied both her motions for summary and default judgment during the proceedings which were later granted in fragments, and resulted in absolutely no relief at all, and in sanctions for the Plaintiff.

### (a) Defendant did not acknowledge or adjudicate illegal actions by Tortfeasors

31.    Defendant did not hold them accountable for their multiple illegal acts including forgery and conversion, nor multiple breaches of fiduciary duties, which included multiple HIPAA violations.

8

32.     To demonstrate Tortfeasors' act of forgery Defendant was presented with the following:



FILED: NEW YORK COUNTY CLERK 06/14/2022 10:37 AM    INDEX NO. 153436/2022
NYSCEF DOC. NO. 69                                  RECEIVED NYSCEF: 06/14/2022

## Exhibit 8

In the meantime, below please find examples of my actual signature in contrast to the forged signatures that were applied to documents I never saw at Fashion District Dental:

Sample A                            Exhibit A
Gina Robinson's signature           FDD False signature

Sample B                            Exhibit B
Gina Robinson's signature           FDD False signature

Sample C                            Exhibit C
Gina Robinson's signature           FDD False signature

### FRAUD

In addition to this, included in the documents from USAA was a copy of a receipt from the spring aligner (SA) fabricators, PTW Orthodontic Laboratory, of Scarsdale, NY, that had a post-it on it stating: "Gina Robinson received her retainer, Dr. Abrams." I have never received the retainer or SA, **this is fraud**. In my first complaint, dated, August 31, 2021, I mentioned that they violated New York law by refusing to allow me to amend my record, or patient chart. This note on the post-it was one of several misstatements that I had intended to amend. They refused to allow me to amend my chart. They sent two (2) copies of this **falsified document** to USAA to include in the dispute documents. Enclosed please see pages 22 & 23. **See Exhibits G and H.**

33.     Defendant did not adjudicate or even appear to notice these illegal acts nor refer them to another court that could.

9

34.     Defendant also did not immediately demand Tortfeasors cease their conversion and return Plaintiff's property which, at the time the original complaint was filed, was 9 months after the SA was paid for.

35.     Defendant did not acknowledge the four HIPAA violations: doxxing Plaintiff's medical records to a bank, including x-rays, refusal to give Plaintiff her full medical chart, making false statements in her medical chart and refusal to amend the chart even to remove or correct the false statements.

36.     Defendant did not acknowledge the 22 medical fiduciary duty violations.

37.     Defendant did not acknowledge their violation of New York State law against defamation.

38.     Defendant did not acknowledge the violation of New York State law against racial and other discrimination nor present a questions as to why Tortfeasors dismissed Plaintiff as a patient leaving the contract incomplete.

39.     Defendant did not acknowledge Tortfeasors intentional infliction of emotional distress even though Plaintiff tried earnestly to avoid suing Tortfeasors but once it was inevitable, received treatment from a physician for stress-induced hives lasting 6 months and presented the medical record and bill to prove it.

40.     Defendant did not acknowledge their violation of general business law § 349, Art. 22.

41.     Defendant did not acknowledge the multiple acts of fraud.

42.     Defendant did not seem to acknowledge any of the New York State Pattern Jury Instructions (PJIs) for any of those violations.

43.     Incredibly, the only violation acknowledged by Defendant was that of breach of contract.  And for this infraction, she gave Plaintiff no relief, not the completion of the

contact, not the return of her merchandise, not a refund or even an apology, which was requested in the complaint.

**(b) Defendant, Against Court Rules, Allowed Discovery To Tortfeasors But Denied The Same To Plaintiff**

44.     Demonstrating Tortfeasors' forbearance toward Tortfeasors and willfulness against Plaintiff, the following motions and decisions were entered into the record:



FILED: NEW YORK COUNTY CLERK 06/15/2022 02:09 PM

NYSCEF DOC. NO. 71

INDEX NO. 153436/2022

RECEIVED NYSCEF: 06/14/2022

At a Term of the Supreme Court of the State of New York held in and for the County of New York at the Court-House thereof, located at 60 Centre CENTRE Street New York, NY 10087 th the ___ day of _____, 20_22_.

PRESENT:

Hon. _____Lynn R. Kotler_____
Justice of the Supreme Court

COUNTY OF NEW YORK
SUPREME COURT OF THE STATE OF NEW YORK
-----------------------------------------X
GINA ROBINSON,                                        Index No: 153436/2022
                                    Plaintiff,
                                                     **ORDER TO**
         -against-                                   **SHOW CAUSE**
                                                     **TO QUASH DEFENDANTS**
                                                     **DEMANDS FOR ORAL**
FASHION DISTRICT DENTAL,                              **EXAMINATIONS**
DR. JUSTIN RASHBAUM, DMD;
DR. DAVID STEIN, DMD;                                 MS #: 5;  OTHER –
DR. JAY RASHBAUM, DMD;                                          QUASH
DR. MICHAEL ABRAMS, D.D.S.,
                                    Defendants,
-----------------------------------------X

        Upon reading and filing the affidavit of Plaintiff, Gina Robinson, sworn to on June 14, 2022, a copy of supporting documents, as well as, documentation that opposing counsel was notified that such an Order would be sought, and the exhibits thereto, in Support of Petitioner's Order to Show Cause to quash Defendants adjournments, and no previous application having been made for the relief requested herein Pursuant to CPLR 2214 (d).

        Let Defendants, or counsel, show cause before a Term of this Court to be held at the Courthouse located at 80 Center CENTRE Street, New York, NY on _____,20_22_ at _____ o'clock in the or as soon as the parties to this proceeding may be heard, why an order should not be issued, providing

1625
1 of 2

11

FILED: NEW YORK COUNTY CLERK 06/15/2022 02:09 PM

NYSCEF DOC. NO. 71

INDEX NO. 153436/2022

RECEIVED NYSCEF: 06/14/2022

the following relief:

Quash all four of Defendants demands for oral examinations currently scheduled for July 11, 12 and 13, 2022, and October 12, 2022.

and such other and further relief as may to the court seem just and proper, for the reasons that: Based on the astonishing record of the evidence, there is no new information that will change the overwhelming facts in this case. Defendants committed egregious violations against Plaintiff as well as the State of New York, including theft, forgery, doxing a patients medical records to two banks, refusal to allow an amended record, and lying to those banks about their theft of the Plaintiff's rightfully owned merchandise. Plaintiff was not culpable in any manner in the outcome of these events. There is a contemporaneous written transcript detailing the events clearly laid out in emails and exhibits which defendants have had since April. Defendants demand four separate oral examinations across four separate days and across four months. There is nothing to question the Plaintiff about concerning the facts of the case and it is scheduled for after the response (the brief) is due for summary judgment. This demand is dilatory, a form of harassment in an attempt to intimidate the Plaintiff and abuse of judicial process.

**ORDERED** that, sufficient cause appearing therefor, service of a copy of this order, and the other papers upon which this order is granted upon all Defendants by mail on or before the _____ day of _____, 20 ___ shall be deemed good and sufficient. An affidavit or other proof of service shall be presented to this Court on the return date directed in the second paragraph of this order.

*[handwritten: Decline to order to show cause as it lacks Merit ENTER: ... parties are entitled to conduct discovery. So ordered. JSC 6/14/22 HON. LYNN KOTLER J.S.C.]*

45.     Motion number 5 above was filed after Plaintiff filed for summary judgment on May 16, 2022.

46.     Pursuant to C.P.L.R. 3214(b), which stays discovery pending summary judgment, Defendant's denial of Plaintiff's motion to quash oral arguments, and therefore granting discovery for Tortfeasors, was erroneous and a violation of that court rule.

47.     Defendant did not overlook this rule, however, when Plaintiff sought discovery of her own from Tortfeasors:

FILED: NEW YORK COUNTY CLERK 08/09/2022 01:05 PM
NYSCEF DOC. NO. 171

INDEX NO. 153436/2022
RECEIVED NYSCEF: 08/09/2022

At a Term of the Supreme Court of the
State of New York held in and for the
County of New York at the Court-
House thereof, located at 80 Centre
Street New York, NY 10013 on the
___ day of _____, 20 22.

PRESENT:

Hon._____ Lynn R. Kotler_____
        Justice of the Supreme Court

COUNTY OF NEW YORK
SUPREME COURT OF THE STATE OF NEW YORK
-------------------------------------------------------------X
GINA ROBINSON,
                            Plaintiff,

                -against-

FASHION DISTRICT DENTAL
DR. JUSTIN RASHBAUM, DMD;
DR. DAVID STEIN, DMD;
DR. JAY RASHBAUM, DMD;
DR. MICHAEL ABRAMS, D.D.S.,
                            Defendants,
-------------------------------------------------------------X

Index No: 153436/2022

ORDER TO SHOW CAUSE
TO COMPEL DEFENDANTS'
COMPLIANCE WITH
PLAINTIFF'S DEMAND FOR
BILL OF PARTICULARS

        Upon reading and filing the affidavit of Plaintiff, Gina Robinson, sworn to on July 29, 2022, a copy of supporting documents, as well as, documentation that opposing counsel was notified that such an Order would be sought, and the exhibits thereto, in Support of Petitioner's Order to Show Cause to quash Defendants adjournments, and no previous application having been made for the relief requested herein Pursuant to CPLR § R3042.

        Let Defendants, or counsel, show cause before a Term of this Court to be held at the Courthouse located at 80 Centre Street, New York, NY on _ _____, 20 22  at o'clock in the _____ or as soon as the parties to this proceeding may be heard, why an order should not be issued, providing the following relief:

                                    i

                            3343
                            1 of 2

13

INDEX NO. 153436/2022

NYSCEF DOC. NO. 171

RECEIVED NYSCEF: 08/09/2022

Compel Defendants to comply with Plaintiff's demand for her Bill of Particulars filed June 28, 2022 with a return date of July 18, 2022, and Pursuant.

and such other and further relief as may to the court seem just and proper, for the reasons that:

Plaintiff filed a demand for Bill of Particulars from Defendants on June 28, 2022. The return date for this response was July 18, 2022. Defendants did not answer the Bill of Particulars until after Plaintiff pointed out in her reply papers to Defendants cross motion, filed July 25th, that Defendants had not complied with her bill of Particulars. Defendants have filed for sanctions against Plaintiff for "frivolous and vexatious conduct" related to her motion for Default judgment filed on May 18, 2022, claiming that Plaintiff sought a default judgment against the wrong firm name, but Defendants are actively concealing the rightful firm name so that Plaintiff cannot seek default against it. Plaintiff complied with Defendants demand for a Bill of Particulars on May 31st, 2022 and provided adequate answers. Please note that oral arguments are already scheduled for August 2, this would be an ideal time to discuss this matter.

**ORDERED** that, sufficient cause appearing therefor, service of a copy of this order, and the other papers upon which this order is granted upon all Defendants by mail on or before the _____ day of _____, 20___ shall be deemed good and sufficient. An affidavit or other proof of service shall be presented to this Court on the return date directed in the second paragraph of this order.

*Decline to*
*Sign.*
*Application*
*lacks merit.*

ENTER

_____
J.S.C.

HON. LYNN R. KOTLER 8/9/2022

3344

2 of 2

*Yick Wo v. Hopkins*, 118 U.S. 356 (1886).  'A neutral law cannot be applied differently to one group of people than it is to another group.'

New York Constitution Art. I § 11 –No person shall be denied the equal protection of the laws of this state or any subdivision thereof.

48.     Defendant made a clear distinction between parties in the case by granting discovery to Tortfeasors and denying the same discovery to Plaintiff without cause.

**(c) Defendant Allowed Tortfeasors To Halt Summary Judgment Even Though The Record Demanded It Be Adjudicated Immediately**

FILED: NEW YORK COUNTY CLERK 06/08/2022 04:40 PM          INDEX NO. 153436/2022
NYSCEF DOC. NO. 64                                         RECEIVED NYSCEF: 06/08/2022

At a Term of the Supreme Court of the State of New York held in and for the County of New York at the Court-House thereof, located at 60 *CENTRE* Center Street New York, NY 1000? on the ___ day of _____, 2022

PRESENT:

Hon.     Lynn R. Kotler
         Justice of the Supreme Court

COUNTY OF NEW YORK
SUPREME COURT OF THE STATE OF NEW YORK
-----------------------------------------X
GINA ROBINSON,
                           Plaintiff,          Index No: 153436/2022

        -against-
                                               **ORDER TO
                                               SHOW CAUSE
                                               TO QUASH DEFENDANTS
FASHION DISTRICT DENTAL;                        ADJOURNMENTS OF BOTH
DR. JUSTIN RASHBAUM, DMD;                       DEFAULT JUDGMENT AND
DR. DAVID STEIN, DMD;                           SUMMARY JUDGMENT**
DR. JAY RASHBAUM, DMD;
DR. MICHAEL ABRAMS, D.D.S.,                     *MS #4: INJUNCTION/
                                                RESTRAINING
                           Defendants,          ORDER*
-----------------------------------------X

        Upon reading and filing the affidavit of Plaintiff, Gina Robinson, sworn to on June 3, 2022, a copy of supporting documents, as well as, documentation that opposing counsel was notified that such an Order would be sought, and the exhibits thereto, in Support of Petitioner's Order to Show Cause to quash Defendants adjournments, and no previous application having been made for the relief requested herein Pursuant to CPLR 2214 (d), ~~it is hereby,~~

        *LET*
        ~~ORDERED that~~ Defendants *, OR COUNSEL,* show cause before a Term of this Court to be held at the
                                              *80 CENTRE*
Courthouse located at ~~60 Center~~ Street, New York, NY on _____, 2022 at _____ o'clock in

1

1589
1 of 2

the _____ or as soon as the parties to this proceeding may be heard, why an order should not be issued,

providing the following relief:

Quash both of Defendants adjournments of two separate motions, Plaintiff's Motion for Default,

dated May 18, 2022, with a return date of May 25th, and Plaintiff's Motion for Summary Judgment,

dated May 13, 2022, with a return date of June 2, 2022.

and such other and further relief as may to the court seem just and proper, for the reasons that:

They were both sufficient and should be adjudicated promptly; Defendants offered no valid reason for

the adjournments; the Defendants did not follow the proper procedure for requesting the adjournments;

the referee offered no reasons the adjournments were granted; and the referee did not clearly state what

adjournments corresponded to what motions.

ORDERED THAT,

Sufficient cause appearing therefor, let service of a copy of this order, and the other papers upon

which this order is granted upon all Defendants by mail on or before the __ day of _____, 2022 be *SHALL*

deemed good and sufficient. An affidavit or other proof of service shall be presented to this Court on

the return date directed in the second paragraph of this order.

ENTER:

# XXX

J.S.C.

The court declines to sign this order to show cause as it lacks merit.

Issues regarding submission of the motions that are the subject of this proposed order to show
cause were properly addressed by the Referee in the Motion Submissions Part.

SO ORDERED;

HON. LYNN R. KOTLER, J.S.C.        Dated 6/8/22
                   J.S.C.

2

1590

2 of 2

49.     Here Defendant has halted the progress of Plaintiff's summary judgment which

based on the illegal actions of Tortfeasors, should have been adjudicated immediately.

50.     Defendant granted any motion Tortfeasors filed no matter how contrary to the law or court rules and simultaneously denied Plaintiff's clearly meritorious motions as meritless, though this was also contrary to court rules.

51.     Summary judgment for Plaintiff should have been granted if the Court viewed the case in the light most favorable to Tortfeasors but found the evidence proved Tortfeasors would not prevail, or had violated laws.

52.     The State Trial Court ignored violations, such as conversion, forgery, and of New York Public Health Laws, detailed in the complaint.   Those are *non-triable* issues.


> "To grant summary judgment it must clearly appear
> **no material triable issue** of fact is presented."
>
> *New York Consolidated Laws, Civil Practice*
> *Law and Rules - CVP Rule 3212*

53.     Triable means questionable, and Tortfeasors illegal acts were not in question, they were facts.

54.      Defendant refused to acknowledge these illegal acts but ultimately granted both motions in Plaintiff's favor, however, only in part.

55.     The order correctly granted breach of contract in Plaintiff's favor but despite volumes of clear evidence, virtually ignored the other 33 causes of action against Tortfeasors as if they never occurred.

56.     The relief granted for breach of contract was woefully inadequate as it offered no immediate return of money or merchandize, but instead further burdened Plaintiff with tasks demanded by Tortfeasors, and more expenses.

**(d) Defendant In Essence Sanctioned Plaintiff Instead of Giving Her Any Relief**

57.     For all she endured from Tortfeasors actions, Plaintiff was given sanctions instead of relief of any kind.

58.     Defendant claimed to have denied Tortfeasors' motion for sanctions against Plaintiff but through the direction of the final order, they were actually granted in favor of Tortfeasors, costing Plaintiff hundreds more dollars in services from another provider that Tortfeasors were obliged to provide for free.

59.     Plaintiff was given 30 days to find another orthodontist willing to accept a transferred SA for fitting.  This is something typically avoided by those in the dental profession due to liability and quality control issues.

60.     If Plaintiff could not find such a provider the SA was deemed "abandoned" by Plaintiff and Tortfeasors would be allowed to retain Plaintiff's paid merchandise permanently (no refund was to be ordered).

61.     This is not relief, this is punishment for the Plaintiff and a kind of financial sanction because Plaintiff paid, out of pocket, ($250.) for services that were still part of the incomplete contract with Tortfeasors.

62.     Given Defendant granted breach of contract, and in the complaint Plaintiff asked for specific performance for the completion of the contract, Defendant could have ordered Tortfeasors to complete the contract because it was already paid for.

63.     Alternatively, Defendant could have ordered Tortfeasors to pay for the services of the other provider.  Defendant did neither.

64.     The Order cited to no law requiring a patient to forward their dental appliance to another dental practitioner for installation, adding additional charges.

65.     The court is not a dental professional and has no place making medical decisions

for Plaintiff.


 **(e) Defendant Violated Court Rules In Order To Avoid Giving Plaintiff Proper Relief**

66.     The Order correctly granted default to Plaintiff but erroneously awarded a relief

that was vastly different from that sought by Plaintiff.  It offered the same inadequate relief

(sanctions) as that for the one element of summary judgment that was granted. This is

improper.


> Whether before the clerk or the court, a default judgment shall not exceed the
> amount or differ in type from the relief demanded in the complaint or notice
> served with a summons.
>
> (CPLR 3215(b).


**(f) Defendant Abetted Conversion of Plaintiff's Rightful Property**

67.     The Order erroneously claims that Tortfeasors possession of the SA for

nearly two years is not conversion.

68.     The contract was for Plaintiff to receive it after services rendered, Tortfeasors

then directed it to another dental clinic.  That is possession and control, and conversion.

69.     More importantly, on June 28, 2022 Plaintiff filed a motion with the court and

Defendant a demand for the return of the merchandise she paid for.  Defendant did not

honor that request.

70.     That is willful and independent conversion.

**(g) Defendant Granted Breach Of Contract But Refuses Plaintiff A Refund**

71.      The Order erroneously claims Plaintiff is not entitled to a refund for the $600.

in services that she received as part of the contract for the SA.

72.      Plaintiff stated multiple times in her filings that those services were only received

in order to get the SA as per the "phoned-in" contract .

73.      If she never received the SA after those services were rendered then the

transaction and contract collapsed and a full refund was proper.


            PJI 3:20, p. 222.

            Although in conventional fraud cases a party seeking rescission must prove
            the fraud, the burden of proof on that issue is shifted whenever the relation
            between the contracting parties appear to be of such a character as to render
            it certain that they do not deal on terms of equality and– as a result of (a)
            one side having superior knowledge derived from a fiduciary relationship,
            (b) one side having an overmastering influence, or (c) the other side
            operating from weakness, dependence, or trust justifiably reposed –unfair
            advantage in the transaction is rendered probable.  **In such circumstance,
            the transaction is presumed void.**

                              (NYSCEF 153436/2022 Doc.1 ¶208)


74.      Additionally, Tortfeasors in their correspondence with USAA state that Plaintiff

was "obligated" to have the services they refused to refund.  An "obligation" looks directly

at the contract between parties.

75.      No individual walking down the street is obligated to have their teeth cleaned and

scanned.  These services only took place because Tortfeasors promised Plaintiff the SA once

the services were rendered.  They breach that contract.  For that reason Plaintiff was entitled

to a full refund of the contract of $1050.  But the Order did not offer this as a remedy, just more costs for Plaintiff.

### (h) Defendant Selectively Scrutinized The Details Of The Case

76.     On Plaintiff's motions 4 and 5 Defendant made spelling corrections and other notes directly on the cover page.

77.     She ultimately denied both motions so it is unclear why the notes were needed. She gave no scrutiny to the numerous illegal and unethical acts committed by Tortfeasors and did not even mention them in the final order, but she put these Orders To Show Cause under a microscope to point out superficial flaws.

### (i) Defendant Granted Judgment For Default But Allowed The Withholding Of The Firm Name

78.     The question of the firm name being withheld was brought to the State Trial Court's attention and there was no query from the Tortfeasors' counsel or the Defendant:

FILED: NEW YORK COUNTY CLERK 09/02/2022 05:09 PM
INDEX NO. 153436/2022
NYSCEF DOC. NO. 173
RECEIVED NYSCEF: 09/02/2022

17

Proceedings

1    this case except the firm.  The default was filed against

2    the firm because the firm did not answer.  The firm still

3    has not answered the complaint, so -- and, you know, yes,

4    they're doing business as.  That means that's just another

5    name for Justin Rashbaum.  Doing business as means it's

6    just another name for Jay Rashbaum, another Michael Abrams,

7    another David Stein.  That's it.  There is a firm, it

8    exists.  They have not given me that name.

9              THE COURT:  Okay.  Ms. Robinson, I need to give

10   you another minute because I have my next conference at

11   10:30 and then the next one is at 11:00.

12             MS. ROBINSON:  Okay.

13             THE COURT:  So just please make sure your

14   comments are concise.  Thank you.

15             MS. ROBINSON:  Sure, certainly.

16             And Dr. Abrams, he is the one who stated in the

17   Post-it® that I had my device, that I received my device,

18   so he's very much involved in this.

19             And there was a forgery as well.  They committed

20   forgery and sent my records to a third party, which is

21   against the law.  They broke the law.  Summary judgment is

22   valid.  The dismissal of the case is invalid and the

23   default is valid.

24             MR. ROTHMAN:  Your Honor, if I may be heard

25   extremity briefly.

Laura L. Ludovico, SCR

**(j) Defendant Seems to Have Used An Opinion With Unclear Language Instead Of A Court Rule To Avoid Granting Full Summary Judgment To Plaintiff**

FILED: NEW YORK COUNTY CLERK 12/30/2022 12:18 PM    INDEX NO. 153436/2022
NYSCEF: NEW YORK COUNTY CLERK 12/09/2022 12:55 PM    INDEX NO. 153436/2022
NYSCEF DOC. NO. 176                                   RECEIVED NYSCEF: 12/30/2022
                                                      RECEIVED NYSCEF: 12/09/2022

offered her a refund for the price of the SA, which was $450, but complains that this amount was less than the $1,050 which plaintiff paid. Defendants explain that the difference covers services that were provided to plaintiff. In addition, defendant Abrams asserts that he is not a properly party to this case as he has no affiliation with the Fashion District Dental, did not treat plaintiff and did not assist the codefendants in their treatment of plaintiff or fabrication of the retainer.

The court will first consider the parties' motions for summary judgment. On a motion for summary judgment, the proponent bears the initial burden of setting forth evidentiary facts to prove a prima facie case that would entitle it to judgment in its favor, without the need for a trial (CPLR 3212; Winegrad v. NYU Medical Center, 64 NY2d 851 [1985]; Zuckerman v. City of New York, 49 NY2d 557, 562 [1980]). If the proponent fails to make out its prima facie case for summary judgment, however, then its motion must be denied, regardless of the sufficiency of the opposing papers [Alvarez v. Prospect Hospital, 68 NY2d 320 [1986]; Ayotte v. Gervasio, 81 NY2d 1062 [1993]).

Granting a motion for summary judgment is the functional equivalent of a trial, therefore it is a drastic remedy that should not be granted where there is any doubt as to the existence of a triable issue (Rotuba Extruders v. Ceppos, 46 NY2d 223 [1977]). The court's function on these motions is limited to "issue finding," not "issue determination" (Silman v. Twentieth Century Fox Film, 3 NY2d 395 [1957]).

Plaintiff has asserted numerous causes of action, the bulk of which are meritless. At the outset, defendant Abrams has established prima facie entitlement to summary judgment as he was not personally involved with the underlying transaction at issue. Since plaintiff has failed to raise a triable issue of fact on this point, Abrams' cross-motion for summary judgment dismissing plaintiff's complaint against him is granted and the respected portions of plaintiff's motions against Abrams are denied.

Otherwise, Plaintiff has failed to allege the elements of conversion because defendants have agreed to transfer the retainer to any orthodontist that plaintiff designates so that the retainer can be properly fitted. The court does not find defendants' stipulation that the retainer not be delivered to plaintiff herself tantamount to an improper interference with plaintiff's right to possession. This is a professional fabricated device which must be custom fit and defendants may rightfully refuse to transfer it directly to plaintiff. Plaintiff's only potentially availing claim sounds in breach of contract, the terms of which she has failed to establish. The remaining causes of action are improperly duplicative of her breach of contract claim. The court will therefore grant plaintiff 30 days to designate an orthodontist to which defendants shall transfer the retainer to. Plaintiff's failure to so designate within the time provided herein shall be deemed an abandonment of the retainer. The court will not award plaintiff reimbursement for the retainer since it was fabricated at plaintiff's request. As for the remaining $600 which plaintiff paid to defendants, there is no dispute on this record that this amount was paid for services which defendants already rendered. Therefore, plaintiff is not entitled to same, either.

Accordingly, plaintiff's motion for summary judgment is granted as to the third cause of action for breach of contract only to the extent that within 30 days from the date of service of this order with notice of entry, plaintiff shall designate in writing the name of an orthodontist licensed in New York,and deliver such designation to counsel for the defendants Dr. Justin Rashbaum, DMD, Dr. David Stein, DMD, Dr. Jay Rashbaum, DMD and upon such designation, said defendants shall deliver to the retainer to the orthodontist selected by plaintiff. The balance of plaintiff's motions for summary judgment is denied and the cross-motion by defendants Dr. Justin Rashbaum, DMD, Dr. David Stein, DMD, Dr. Jay Rashbaum, DMD is granted to the extent that all but plaintiff's third cause of action is severed and dismissed.

Plaintiff has moved for a default judgment against the defendants. All but Fashion District Dental have answered the compliant. Therefore, plaintiff may only obtain a judgment by default against Fashion District Dental, which she has otherwise established was properly served with a copy of the summons and compliant and has failed to timely appear in this action or obtain an order from the court extending its time to do so. While a default in answering the complaint constitutes an admission of the factual allegations therein, and the reasonable inferences which may be made therefrom (Rokina Optical Co., Inc. v. Camera King, Inc., 63 NY2d 728 [1984]), plaintiff is entitled to default judgment in its favor,

Page 2 of 3

2 of 3

79.   Defendant's Order States:

> "Granting a motion for summary judgment is the functional equivalent
> of a trial, therefore it is a drastic remedy that should not be granted
> where there is any doubt as to the existence of a triable issue (Rotuba
> Extruders v. Ceppos, 46 NY2d 223 (1977)}. The court's function on
> these motions is limited to "issue finding," not "issue determination"
> (Sillman v. Twentieth Century Fox Film, 3 NY2d 395 [1957])."

80.     Whether this opinion or citation includes a double-negative statement or not, it is

not precise in its declaration and ultimately if Defendant felt summary judgment should not

have been granted (otherwise why cite to this opinion and not a court rule?) she should have

moved for a full court trial, but she did not.  CPLR 3212 is noted but not quoted.

**(k) Defendant Improperly Granted Summary Judgment For Tortfeasors In Severing
Tortfeasor Abrams From The Suit.**

81.     Defendant strangely granted summary judgment of dismissal and severance only

to Tortfeasor Abrams, stating: "he was not personally involved with the underlying

transaction at issue."

82.     This is not only thoroughly false, since Tortfeasor Abrams scanned Plaintiff's

teeth, but more proof of the Defendant placing its thumb on the scale for Tortfeasors.

83.     To grant Tortfeasors summary judgment the court must look at the facts of the

case in the light most favorable to Plaintiff but find she would not prevail or that no laws

were broken by Tortfeasors.   We know that is not the case.

84.     The grounds for dismissal also follow this guideline. In other words, the case is

dismissed if there is no wrongdoing alleged or proven, at all, on the part of Tortfeasors.  We

also know that is not the case.

85.     Defendant dismissed Tortfeasor Abrams as if he were not pivotal to the fraud.

86.     Tortfeasor Abrams told Plaintiff she would not be getting an SA directly after he

scanned her teeth.

87.     He then stated clearly in an email:

> "Yes, we are a cohesive group of doctors; not individuals
> running our own shows." July 19, 2021, 7pm.
>
> (NYSCEF doc #. 25 exbt. 8)

88.     This was documented in the records but apparently ignored.

89.     Tortfeasor Justin Rashbaum concurred:

> "…my office operates as a single entity in that my
> providers have been here for years and we work
> cooperatively …. All my practitioners are longstanding
> integrated assets to this office. So yes, we are a single
> entity." July 20, 2021, 8:18am.
>
> (NYSCEF doc #. 25 exbt 10)

90.     Abrams later offered Plaintiff the SA capable of "partial movement" which was rescinded by Justin (R-364)(R-18). In the records they sent to Plaintiff's bank, it is Defendant Abrams' false statement, on a post-it, that reads: "Gina Robinson received her retainer."

91.     In fact, on the SA container itself is a label, likely written by Tortfeasor Abrams that reads: "Gina Robinson, Tortfeasor Abrams, 7/2021."

92.     Not only does this plainly attach Tortfeasor Abrams as Plaintiff's provider at the time, but also it is date stamped 1 year and 7 months before Plaintiff finally received the SA in hand, February 9, 2023, from another provider, that is conversion.

### (l) The Proceedings Were Not Adjudicated By A Neutral Decision Maker

93.     If Defendant did not have great forbearance for Tortfeasors why would she not order Tortfeasors to give Plaintiff her property immediately?

94.     Why would she not address the illegal acts by Tortfeasors?

95.     And why, instead of fining or punishing Tortfeasors, would she punish and ultimately sanction Plaintiff with additional fees for services Tortfeasors owed Plaintiff for free, and in turn, order Plaintiff to tax herself further in seeking additional orthodontists to do something frowned upon in their profession?

96.     Defendant selectively utilized the law to protect Tortfeasors and to bind Plaintiff.

97.     This unequal treatment under color of law by Defendant is a violation of 42 U.S.C §1983 and of Plaintiff's 14th Amendment and N.Y.S.C. Art 1 § 11 right to Equal Treatment under the law.

### B . Defendant, under color of law, denied Plaintiff procedural due process

98.     In violation of 42 U.S.C. 1983, Defendant, under color of law, also violated nine (9) of the ten (10) elements of the 14th Amendment rights to procedural due process:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress, except that in any action brought against a judicial officer for an act or omission taken in such officer's judicial capacity, injunctive relief shall not be granted unless a declaratory decree was violated or declaratory relief was unavailable.
>
> 42 U.S.C., § 1983

99.     Public officials are not allowed to deprive citizens of due process under the color of law and are civilly liable for damages.

100.    Citizens are guaranteed the right to an unbiased tribunal and equal protection under the law.

101.    Plaintiff was deprived of an unbiased tribunal because the State Trial Court showed consistent forbearance and deference to Tortfeasors to the detriment of Plaintiff.

102.    Plaintiff's motions were repeatedly denied no matter their propriety while Defendant's motions and demands were granted even if they were contrary to court rules.

103.    Defendant behaved as a protective shield to Tortfeasors and as a blunt weapon to Plaintiff.

104.    Deprivation of these rights by Defendant constitutes a violation of 42 U.S.C. § 1983, as well as Plaintiff's 14th Amendment rights.

105.    Public officials are not allowed to deprive citizens of due process under the color of law and are civilly liable for damages.

106.    Citizens are guaranteed the right to Notice of the proposed action and the grounds asserted for it.

107.    Plaintiff was deprived of this Notice because in each and every denial the State Trial Court claimed Plaintiff's motions "lacked merit," though they were of substantial merit as evinced by the granting of both summary (in part) and default judgment in the final order.

108.    Deprivation of these rights by Defendant constitutes a violation of 42 U.S.C. § 1983, as well as Plaintiff's 14th Amendment rights.

109.    Public officials are not allowed to deprive citizens of due process under the color of law and are civilly liable for damages.

110.    Citizens are guaranteed the right to the opportunity to present reasons why the proposed action should not be taken.

111.    Plaintiff was deprived of this opportunity because in each and every denial the State Trial Court claimed Plaintiff's motions "lacked merit," though they were of substantial

merit as evinced by the granting of both summary (in part) and default judgment in the final order.

112.    Had Plaintiff been given a direct reason her motions were denied she may have been able to address those issues, but she was not given any reasons.

113.    Deprivation of these rights by Defendant constitutes a violation of 42 U.S.C. § 1983, as well as Plaintiff's 14th Amendment rights.

114.    Public officials are not allowed to deprive citizens of due process under the color of law and are civilly liable for damages.

115.    Citizens are guaranteed the right to present evidence, including the right to call witnesses.

116.    Plaintiff was deprived of this right because the State Trial Court did not compel Tortfeasors to appear at the deposition they demanded, and it did not compel them to submit a bill of particulars to Plaintiff as Plaintiff had for Tortfeasors.

117.    Deprivation of these rights by Defendant constitutes a violation of 42 U.S.C. § 1983, as well as Plaintiff's 14th Amendment rights.

118.    Public officials are not allowed to deprive citizens of due process under the color of law and are civilly liable for damages.

119.    Citizens are guaranteed the right to the right to know opposing evidence.

120.    Plaintiff was deprived of this right because the State Trial Court did not compel Tortfeasors to appear at the deposition they demanded, and it did not compel them to submit a bill of particulars to Plaintiff as Plaintiff had for Tortfeasors.

121.    Deprivation of these rights by Defendant constitutes a violation of 42 U.S.C. § 1983, as well as Plaintiff's 14th Amendment rights.

122.    Public officials are not allowed to deprive citizens of due process under the color of law and are civilly liable for damages.

123.    Citizens are guaranteed the right to cross-examine adverse witnesses.

124.    Plaintiff was deprived of this because the State Trial Court did not compel Tortfeasors to appear at the deposition they demanded, and it did not compel them to submit a bill of particulars to Plaintiff as Plaintiff had for Tortfeasors.

125.    Deprivation of these rights by Defendant constitutes a violation of 42 U.S.C. § 1983, as well as Plaintiff's 14th Amendment rights.

126.    Public officials are not allowed to deprive citizens of due process under the color of law and are civilly liable for damages.

127.    Citizens are guaranteed a decision based exclusively on the evidence presented.

128.    Plaintiff was deprived of a decision based exclusively on the evidence because the State Trial Court turned a blind eye to the evidence.

129.    It not only refused to designate Tortfeasors' possession of Plaintiff's SA as conversion, (which they had for more than 18 months), but it abetted this conversion, by not ordering them to give it to Plaintiff, and further abetted them in maintaining control of the SA, by ordering Plaintiff to submit to Tortfeasors' demands and transfer it to another practitioner.  It also ignored multiple acts of fraud and HIPAA violations while at the same time granting breach of contract in the final order.

130.    Deprivation of these rights by Defendant constitutes a violation of 42 U.S.C. § 1983, as well as Plaintiff's 14th Amendment rights.

131.    Public officials are not allowed to deprive citizens of due process under the color of law and are civilly liable for damages.

132.    Citizens are guaranteed the requirement the tribunal prepares a record of the evidence presented.

133.    Plaintiff was deprived of this required record of evidence because the State Trial Court deliberately ignored many illegal acts but Tortfeasors and did not even mention them in her order save breach of contract.

134.    Deprivation of these rights by Defendant constitutes a violation of 42 U.S.C. § 1983, as well as Plaintiff's 14th Amendment rights.

135.    Public officials are not allowed to deprive citizens of due process under the color of law and are civilly liable for damages.

136.    Citizens are guaranteed the requirement the tribunal prepares written findings of fact and reasons for it decision.

137.    Plaintiff was deprived of the written findings because Plaintiff presented the laws and how Tortfeasors broke them in clearly defined terms in her complaint and subsequent motions, yet they were not even mentioned in the Order from December 9, 2022 with the exception of breach of contract.

138.    Deprivation of these rights by Defendant constitutes a violation of 42 U.S.C. § 1983, as well as Plaintiff's 14th Amendment rights.

139.    Defendant violated all but one of the procedural due process rights of Plaintiff and that was the opportunity to be represented by counsel, because Plaintiff is representing herself pro se.

## C. Defendant Abused Plaintiff's Rights Due To Discrimination

140.     Defendant trampled Federal and State laws and cavalierly flouted Plaintiff's

rights because of her status as a black, female, pro se litigant from a lower socio-economic

class.

141.     She was wronged by a preferred class of medical professionals and Defendants

behavior clearly indicates she regarded Plaintiff as unworthy of prevailing against

Tortfeasors.

142.     Her behavior indicates she regarded Tortfeasors as untouchable when confronted

with an underprivileged minority female and pro se opponent.  To put it plainly, this would

be demoralizing to them so, demonstrated solely by her actions alone, she put her finger on

the scales for them and lashed out at the Plaintiff.

> A civil right is an enforceable right or privilege, which if interfered
> with by another gives rise to an action for injury.
>
> Discrimination occurs when the civil rights of an individual are
> denied or interfered with because of the individual's membership in a
> particular group or class.
>
> Cornell Law School

> In United States v. Virginia, though the commonwealth felt
> allowing women into the military would require drastic alterations
> which would in turn cause irreparable damage to the existing
> systems, it was found that these alterations would not harm them.
> The Supreme Court, on the strength of Justice, Ruth Bader
> Ginsburg's opinion on gender discrimination, found the military's
> policies in violation of the Equal Protection Clause of the 14th
> Amendment

> U.S. v. Virginia, Supreme Court of the United States
> June 26, 1996 518 U.S. 515 116 S.Ct. 2264

"Judge Richard Posner cites boredom with judging as well as rebuffed efforts to aid pro se litigants in a new interview explaining his decision to suddenly retire from the Chicago-based 7th U.S. Circuit Court of Appeals."

The Chicago Daily Bulletin

"The basic thing is that most judges regard these people as kind of trash not worth the time of a federal judge," Posner said.

Judge Richard Posner

Dr. Karin Huffer describes the affect the legal process has on litigants:

'a lot of my clients who thought they were going to court for a sane, affordable, civil solution to a conflict and found they came away without a proper resolution… actually was suffering from terrible injustice.' 'It makes the victims helpless, hopeless, and oppressed by officials with overwhelming power over them and it can activate the bodies normal stress response.'

Author, "Legal Abuse Syndrome"

143.    The point being that this kind of behavior has been going on long before Plaintiff filed her complaint and should never have had any place in the United States Judicial System.

144.    Unfortunately these "isms" are almost never mutually exclusive, they exist on a spectrum or continuum, some prompting worse treatment than others but different treatment nonetheless.

145.    Plaintiff, it so happens, is at the intersection of four very real and problematic "isms," and they had a very dramatic and gloomy effect on the outcome of this case.

146.    **(a). Defendant violated these rights due to racial discrimination:**

Plaintiff is a black person who was the victim of several crimes and instead of being made whole, her 14th Amendment rights were violated by the State Trial Court, this constitutes racial discrimination.

147.     **(b). Defendant violated these rights due to Plaintiff's status as a pro se litigant:**

Plaintiff is a Pro se litigant, who was the victim of several crimes and instead of being made whole, her 14th Amendment rights were violated by the State Trial Court, this constitutes pro se discrimination.

148.     **(c). Defendant violated these rights due to Plaintiff's low socio-economic status:**

Plaintiff is from a low socio-economic background, and was the victim of several crimes and instead of being made whole, her 14th Amendment rights were violated by the State Trial Court, this constitutes class discrimination.

149.     **(d). Defendant violated these rights due to gender bias against Plaintiff:**

Plaintiff is a woman who was the victim of several crimes and instead of being made whole, her 14th Amendment rights were violated by the State Trial Court, this constitutes Gender discrimination.


## ADDITIONAL STATE VIOLATIONS

The elements of Conversion, an Intentional Tort, are as follows: A person who (1) without authority, intentionally exercises control over the (2) property of another person and thereby interferes with the other person's right of possession has committed a conversion and is liable for the value of the property.

(NY PJI 3:10, p. 118, 3:11)

150.     Defendant further violated New York City Administrative Code (NYCAC) § 8-107 (4) a.1(a), for unlawful discrimination, and PJI 3:10 h.(1) for intentional conversion of Plaintiff's property after Plaintiff motioned Defendant to return the SA to Plaintiff.

151.    As stated earlier, on June 28, 2022 Plaintiff filed with the court, a demand for the merchandise she paid for and Defendant did not give relief.

---

**FILED: NEW YORK COUNTY CLERK 06/28/2022 04:12 PM**   INDEX NO. 153436/2022

NYSCEF DOC. NO. 80   RECEIVED NYSCEF: 06/28/2022

COUNTY OF NEW YORK
SUPREME COURT OF THE STATE OF NEW YORK
-------------------------------------------------------------------X
GINA ROBINSON,                                          :
                                    Plaintiff,          :
                                                       :        Index No: 153436/2022
             -against-                                  :
                                                       :        **PLAINTIFF 'S DEMAND**
FASHION DISTRICT DENTAL;                                 :        **FOR DEVICE**
DR. JUSTIN RASHBAUM, DMD;                                :
DR. DAVID STEIN, DMD;                                    :
DR. JAY RASHBAUM, DMD;                                   :
DR. JUSTIN RASHBAUM, DDS,                                :
                                                       :
                                    Defendants,        :
-------------------------------------------------------------------X

PLEASE TAKE NOTICE, that, pursuant to the rules of this Court, Article 31 of

the CPLR §§ 2305, and 3120, you are hereby required to serve upon and deliver within

twenty (20) days to the undersigned, Plaintiff GINA ROBINSON, 200 West 80th street,

New York, NY 10024,the following documents and things:

   1.  A signed statement containing only the following:

        That the enclosed spring aligner, or retainer, or device, or dental appliance that was

fabricated for Plaintiff in or around July 26th, 2021, and photographed for submission to

Plaintiff on August 3rd, 2021, is the rightful possession of Plaintiff GINA ROBINSON.

   2.  That the device mentioned above is in the same condition in which it was pictured

on August 3rd, 2021 and that no physical alterations have been, or will be made to the

device at any point in time before it is packaged and submitted to the Plaintiff, GINA

ROBINSON by first class mail, with a tracking number from the United States Post Office,

also submitted to Plaintiff.

   3.  The Device itself.

1

1 of 2

---

4.   Submit all the above to Plaintiff at the following address: 200 West 80th street,

New York, NY 10024 within twenty (20) days.

**PLEASE TAKE FURTHER NOTICE,** that Defendants are hereby required to allow

Plaintiff to inspect any and all physical properties in connection with this claim up to and

including the time of trial.

**PLEASE TAKE FURTHER NOTICE,** that should Defendants fail to respond to the

demands herein, an application will be made to the Court for an order against the

Defendants for all remedies and penalties appropriate under the CPLR.

**PLEASE TAKE FURTHER NOTICE,** that in the event of failure or refusal to comply

with any of these demands, said Plaintiff will apply to the Court for the appropriate relief

including, but not limited to, an Order compelling compliance pursuant to CPLR § 3124

and/or appropriate relief pursuant to CPLR § 3126 and 22 N.Y.C.R.R. Part 130.

Dated: New York, New York
      June 28, 2022.

Gina Robinson,
*Pro Se*

By: _____
      Gina Robinson
      200 West 80th street
      New York, New York 10024
      (212) 646-1142

TO:
Mr. Dennis M. Rothman
LESTER SCHWAB KATZ & DWYER, LLP
100 Wall Street
New York, NY 10005
212 964-6611

Mr. Henry Schwartz, Esq.
LAW OFFICES OF HENRY SCHWARTZ
32 Court Street, Suite 908
Brooklyn, New York 11201
(718) 222-3118

State of New York
County of New York
Subscribed and sworn to(or affirmed) before me
this 22? day of ___ in the year 2022

_____
Signature of Notary

Miluska Rios
NOTARY PUBLIC, STATE OF NEW YORK
Registration No. 66296301528
Qualified in Bronx County
Commission Expires April 14th, 2026

2

2 of 2

152.   Defendant once again ignored a reasonable request from the Plaintiff.

35

153.   Tortfeasors on June 30th, instead of submitting the SA to Plaintiff, filed a cross-motion for dismissal of Plaintiff's summary judgment and Default motions and themselves motioned for sanctions again Plaintiff for frivolous conduct.

154.   This disregard for the basic expectations of a commercial transaction was injurious enough but Defendant had admonished Plaintiff to cooperate with Tortfeasors' discovery requests.

155.   Instead of finally, at least, receiving the SA she paid for, Plaintiff was required to submit hundreds of pages of discovery to Tortfeasors even though it was supposed to be stayed according to court rules.

156.   Defendant further violated New York City Administrative Code (NYCAC) § 8-107 (4) a.1(a), for unlawful discrimination – allowing conversion with continued detention of the SA.

157.   Defendant further violated New York City Administrative Code (NYCAC) § 8-107 (4) a.1(a), for unlawful discrimination – allowing Tortfeasors' control of the SA, in order to transfer the SA to another provider, for services Tortfeasors owed Plaintiff for free.

158.   Plaintiff was given 30 days to choose another provider, lest the SA be forfeited to the permanent possession of Tortfeasors!

159.   This unusual request, which is frowned upon in the dental community, cost Plaintiff hundreds of dollars more than the contract she already paid Tortfeasors for.

# FEDERAL VIOLATIONS

### Defendant, Under Color Of Law, Violated Plaintiff's Rights To The
### Equal Protection Clause And Substantive Due Process:

160.    In violation of 42 U.S.C. 1983, Defendant, under color of law, deprived Plaintiff

of her 14th Amendment rights to Equal Treatment Under The Law and to Substantive due

Process.

## Deprivation of Rights Under Color of Law

Every person who, under color of any statute, ordinance, regulation, custom, or usage, of
any State or Territory or the District of Columbia, subjects, or causes to be subjected, any
citizen of the United States or other person within the jurisdiction thereof to the deprivation
of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable
to the party injured in an action at law, suit in equity, or other proper proceeding for redress,
except that in any action brought against a judicial officer for an act or omission taken in
such officer's judicial capacity, injunctive relief shall not be granted unless a declaratory
decree was violated or declaratory relief was unavailable.

### 42 U.S.C. § 1983

### Violation Of  Plaintiff's Rights
### To The Equal Protection Clause

161.    Public officials are not allowed to deprive citizens of Equal Protection of the law

and Substantive due process under the color of law and are civilly liable for damages.

162.    Citizens are guaranteed the right to an unbiased tribunal and equal protection

under the law.

163.    Plaintiff was deprived of an unbiased tribunal because the State Trial Court

showed consistent forbearance and deference to Tortfeasors to the detriment of Plaintiff.

164.    Plaintiff's motions were repeatedly denied no matter their propriety while

Defendant's motions and demands were granted even if they were contrary to court rules.

165.   It is a violation of 42 U.S.C. § 1983 by Defendant, to deprive a citizen of these rights, along with Plaintiff's 14th Amendment rights to substantive due process.

166.   Public officials are not allowed to deprive citizens of Equal Protection of the law and Substantive due process under the color of law and are civilly liable for damages.

167.   Citizens are guaranteed the right to Notice of the proposed action and the grounds asserted for it.

168.   Plaintiff was deprived of this Notice of the proposed action and the grounds asserted for it, because in each and every denial the State Trial Court claimed Plaintiff's motions "lacked merit," though they were of substantial merit as evinced by the granting of both summary (in part) and default judgment in the final order.

169.   It is a violation of 42 U.S.C. § 1983 by Defendant, to deprive a citizen of these rights, along with Plaintiff's 14th Amendment rights to substantive due process.

170.   Public officials are not allowed to deprive citizens of Equal Protection of the law and Substantive due process under the color of law and are civilly liable for damages.

171.   Citizens are guaranteed the right to the opportunity to present reasons why the proposed action should not be taken.

172.   Plaintiff was deprived of this opportunity to present reasons why the proposed action should not be taken because, in each and every denial the State Trial Court claimed Plaintiff's motions "lacked merit," though they were of substantial merit as evinced by the granting of both summary (in part) and default judgment in the final order.

173.   It is a violation of 42 U.S.C. § 1983 by Defendant, to deprive a citizen of these rights, along with Plaintiff's 14th Amendment rights to substantive due process.

174.   Public officials are not allowed to deprive citizens of Equal Protection of the law and Substantive due process under the color of law and are civilly liable for damages.

175.    Citizens are guaranteed the right to present evidence, including the right to call witnesses.

176.    Plaintiff was deprived of right to present evidence, including the right to call witnesses because the State Trial Court did not compel Tortfeasors to appear at the deposition they demanded, it did not compel them to submit a bill of particulars to Plaintiff as Plaintiff had for Tortfeasors and because it ignored and refused to address the illegal actions in the complaint.

177.    It is a violation of 42 U.S.C. § 1983 by Defendant, to deprive a citizen of these rights, along with Plaintiff's 14th Amendment rights to substantive due process.

178.    Public officials are not allowed to deprive citizens of Equal Protection of the law and Substantive due process under the color of law and are civilly liable for damages.

179.    Citizens are guaranteed the right to the right to know opposing evidence.

180.    Plaintiff was deprived of the right to the right to know opposing evidence because the State Trial Court did not compel Tortfeasors to appear at the deposition they demanded, and it did not compel them to submit a bill of particulars to Plaintiff as Plaintiff had for Tortfeasors.

181.    It is a violation of 42 U.S.C. § 1983 by Defendant, to deprive a citizen of these rights, along with Plaintiff's 14th Amendment rights to substantive due process.

182.    Public officials are not allowed to deprive citizens of Equal Protection of the law and Substantive due process under the color of law and are civilly liable for damages.

183.    Citizens are guaranteed the right to cross-examine adverse witnesses.

184.    Plaintiff was deprived of the right to cross-examine adverse witnesses because the State Trial Court did not compel Tortfeasors to appear at the deposition they demanded,

and it did not compel them to submit a bill of particulars to Plaintiff as Plaintiff had for Tortfeasors.

185.    It is a violation of 42 U.S.C. § 1983 by Defendant, to deprive a citizen of these rights, along with Plaintiff's 14th Amendment rights to substantive due process.

186.    Public officials are not allowed to deprive citizens of Equal Protection of the law and Substantive due process under the color of law and are civilly liable for damages.

187.    Citizens are guaranteed a decision based exclusively on the evidence presented.

188.    Plaintiff was deprived of a decision based exclusively on the evidence because the State Trial Court not only refused to designate Tortfeasors' possession of Plaintiff's SA as conversion, (which they had for more than 18 months), but it abetted this conversion, by not ordering them to give it to Plaintiff, and further abetted them in maintaining control of the SA, by ordering Plaintiff to submit to Tortfeasors' demands and transfer it to another practitioner.  It also ignored multiple acts of fraud and HIPAA violations while at the same time granting breach of contract in the final order.

189.    It is a violation of 42 U.S.C. § 1983 by Defendant, to deprive a citizen of these rights, along with Plaintiff's 14th Amendment rights to substantive due process.

190.    Public officials are not allowed to deprive citizens of Equal Protection of the law and Substantive due process under the color of law and are civilly liable for damages.

191.    Citizens are guaranteed the requirement the tribunal prepares a record of the evidence presented.

192.    Plaintiff was deprived of this required record of evidence prepared by the tribunal because the State Trial Court deliberately ignored many illegal acts but Tortfeasors and did not even mention them in her order save breach of contract, evinced by the granting this in summary judgment.

193.    It is a violation of 42 U.S.C. § 1983 by Defendant, to deprive a citizen of these rights, along with Plaintiff's 14th Amendment rights to substantive due process.

194.    Public officials are not allowed to deprive citizens of Equal Protection of the law and Substantive due process under the color of law and are civilly liable for damages.

195.    Citizens are guaranteed the requirement the tribunal prepares written findings of fact and reasons for its decision.

196.    Plaintiff was deprived of the written findings and reasons for its decision because Plaintiff presented the laws and how Tortfeasors broke them in clearly defined terms in her complaint and subsequent motions, yet they were disregarded in the Order from December 9, 2022 with the exception of breach of contract.

197.    It is a violation of 42 U.S.C. § 1983 by Defendant, to deprive a citizen of these rights, along with Plaintiff's 14th Amendment rights to substantive due process.

## A. Defendant Abused Plaintiff's Rights Due To Discrimination

198. (a). Defendant violated these rights due to racial discrimination:

Plaintiff is a black person who was the victim of several crimes and instead of being made whole, her rights to the Equal Protection Clause were violated by the State Trial Court, this constitutes racial discrimination.

199.    (b). Defendant violated these rights due to Plaintiff's status as a pro se litigant:

Plaintiff is a Pro se litigant, who was the victim of several crimes and instead of being made whole, her rights to the Equal Protection Clause were violated by the State Trial Court, this constitutes pro se discrimination.

200.    (c). Defendant violated these rights due to Plaintiff's low socio-economic status:

Plaintiff is from a low socio-economic background, and was the victim of several crimes and instead of being made whole, her rights to the Equal Protection Clause were violated by the State Trial Court, this constitutes class discrimination.

201.    (d). Defendant violated these rights due to gender bias against Plaintiff: Plaintiff is a woman who was the victim of several crimes and instead of being made whole, her rights to the Equal Protection Clause were violated by the State Trial Court, this constitutes Gender discrimination.

**The Rational Basis Test:**

To pass the rational basis test, the statute or ordinance must have a legitimate state interest, and there must be a rational connection between the statute's/ordinance's means and goals.

202.    Defendant's conduct created a distinction between the Plaintiff and Tortfeasors.

203.     The difference in treatment was based on race as well as gender, which are suspect classifications and must pass a strict scrutiny test as well as the Rational Basis Test.

204.    Defendant's conduct meets no legitimate state interest nor does it have a connection to any statute's/ ordinances means and goals and therefore does not pass the rational basis test.

205.    Failure to pass this test is the basis for an Equal Protection Clause Violation.

206.    The Court's actions failed the rational basis test and cannot justify the difference in treatment between the parties.

**The Intermediate Scrutiny Test:**

To pass intermediate scrutiny, the challenged law must:

further an important government interest (lower burden than compelling state interest required by strict scrutiny test) and must do so by means that are substantially related to that interest.

207.   Defendant's conduct created a distinction between the Plaintiff and Tortfeasors.

208.   The difference in treatment was based on race as well as gender, which are suspect classifications and must pass a Strict Scrutiny test as well as the Intermediate Scrutiny Test.

209.   Defendant's conduct does not further an important government interest and does not do so by means that are substantially related to that interest and therefore does not pass the Intermediate Scrutiny Test.

210.   Failure to pass this test is the basis for an Equal Protection Clause Violation.

211.   The Court's actions failed this test and cannot justify the difference in treatment between the parties.


**The Strict Scrutiny Test:**

For a court to apply strict scrutiny, the legislature must either have passed a law that infringes upon a fundamental right or involves a suspect classification (ie: Affirmative Action) Suspect classifications include race, national origin, religion, and alienage.

212.   Defendant's conduct created a distinction between the Plaintiff and Tortfeasors.

213.    The difference in treatment was based on race as well as gender, which are suspect classifications and must pass a strict scrutiny test.

214.    Defendant's conduct is not based on a law that infringes upon a fundamental right or involves a suspect classification (ie: Affirmative Action), and therefore does not pass the Strict Scrutiny Test.

215.    Failure to pass this test is the basis for an Equal Protection Clause Violation.

216.    The Court's actions failed this test and cannot justify the difference in treatment between the parties.


## FEDEERAL CHARGES

### Count 1

### Deprivation Of Rights Under Color Of Law: Procedural Due Process - Unbiased Tribunal 42 U.S.C 1983 & U.S. Const. 14th Amendment

217.    Plaintiff reiterates paragraphs (1) through (216) as if fully reinstated herein for the first cause of action against Defendant.

218.    Denial of right to due process occurs when:

A party is denied an unbiased tribunal.

219.    This condition is met, because Defendant 's conduct caused a distinction between Plaintiff and Tortfeasors time and time again, such as denying Plaintiff discovery and granting it to Tortfeasors in spite of the court rules governing discovery.

220.    Defendant merely stated repeatedly that the motions "lacked merit."

221.    This was completely untrue, the motions were of substantial merit.

222.    Defendant stated in her Order, dated December 9, 2022, that Plaintiff's motion for summary judgment was granted only as to the third cause of action, breach of contract.   But recognition of breach would facilitate recognition of all the other violations.

223.    Defendant ultimately granted Default, in her order she states that the firm Fashion District Dental did not in fact, ever respond to the complaint.

224.    Therefor Plaintiffs motions were, in fact, meritorious.

225.    As to the denial of the Order to Show Cause to quash oral examinations,

Plaintiff was denied Opportunity to present reasons why the proposed action should not be taken.

226.    Plaintiff asserts Defendant denied her due process and stripped her of her property, among other reasons, due to Plaintiff's membership to certain classes or groups.

227.    Plaintiff suffered a loss of the cost of the SA she paid for plus the cost of the additional services in the amount of $1,300.00 and reinstates ¶¶ 889 -905 as if fully reinstated herein.

<u>Count 2</u>

<u>Violation Of Rights Under Color Of Law: Substantive Due Process & Equal Protection
Notice Of Proposed Action And The Grounds Asserted For It
42 U.S.C 1983 & U.S. Const. 14th Amendment</u>

228.    Plaintiff reiterates paragraphs (1) through (227) as if fully reinstated herein for the second cause of action against Defendant.

229.    Denial of right to due process by lack of notification for decisions occurs when: A party is denied notice of the proposed action and the grounds asserted for it.

230.    This condition is met, because Defendant refused to submit notice upon Plaintiff's motions for summary judgment, for default, and for an Order to Show Cause to quash oral examination with legal arguments for her denial.

231.    Defendant merely stated repeatedly that the motions "lacked merit."

232.    This was completely untrue, the motions were of substantial merit.

233.    Defendant stated in her Order, dated December 9, 2022, that Plaintiff's motion for summary judgment was granted only as to the third cause of action, breach of contract. But recognition of breach would facilitate recognition of all the other violations.

234.    Defendant ultimately granted Default, in her order she states that the firm Fashion District Dental did not in fact, ever respond to the complaint.

235.    Therefor Plaintiffs motions were, in fact, meritorious.

236.    As to the denial of the Order to Show Cause to quash oral examinations, Plaintiff was denied Opportunity to present reasons why the proposed action should not be taken.

237.    This denied Plaintiff proper notification of decisions in the case.

238.    Plaintiff suffered a loss of the cost of the SA she paid for plus the cost of the additional services in the amount of $1,300.00 and reinstates ¶¶ 889 -905 as if fully reinstated herein.


Count 3

Violation Of Rights Under Color Of Law: Substantive Due Process & Equal Protection - Right To Be Heard In Court - 42 U.S.C 1983 & U.S. Const. 14th Amendment

239.    Plaintiff reiterates paragraphs (1) through (238) as if fully reinstated herein for the third cause of action against Defendant.

240.    Denial of right to due process occurs when:  A party is denied opportunity to be heard in court.

241.    This condition is met, because Defendant ignored Plaintiff's request for an adjournment of Tortfeasors rejection of her reply papers to their cross-motion, which would have engaged summary judgment and default judgment as scheduled in open court.

242.    Defendant, instead, invited all parties to an oral arguments meeting via zoom for August 2nd, 2022.

243.    This denied Plaintiff the opportunity to be heard in court during the proceedings.

244.    Plaintiff suffered a loss of the cost of the SA she paid for plus the cost of the additional services in the amount of $1,300.00 and reinstates ¶¶ 889 -905 as if fully reinstated herein.

Count 4

Violation Of Rights Under Color Of Law: Substantive Due Process & Equal Protection - Right To Know Opposing Evidence - 42 U.S.C 1983 & U.S. Const. 14th Amendment

245.    Plaintiff reiterates paragraphs (1) through (244) as if fully reinstated herein for the fourth cause of action against Defendant.

246.    Denial of right to due process occurs when:  A party is denied the right to know opposing evidence.

247.    Plaintiff reiterates ¶¶ 44 -47, 78, as if fully reinstated herein.

248.    This condition is met, because Defendant allowed Tortfeasors to ignore Plaintiff's demand for a Bill of Particulars, filed June 28, 2022.  Defendant then went on to deny Plaintiff's Order to Show Cause to compel Tortfeasors to comply with this demand.

249.    This denied Plaintiff the opposing parties evidence in the case.

250.    Additionally, Defendant allowed Tortfeasors to completely ignore their own demand for oral examination of Plaintiff scheduled in July and October.  Plaintiff complied with the demand and appeared in court but Tortfeasors simply never appeared.  During this meeting Plaintiff would have secured opposing parties evidence as well.

251.    Plaintiff suffered a loss of the cost of the SA she paid for plus the cost of the additional services in the amount of $1,300.00 and reinstates ¶¶ 889 -905 as if fully reinstated herein.

<u>Count 5</u>

<u>Violation Of Rights Under Color Of Law: Substantive Due Process & Equal Protection -
Right To Cross Examine Adverse Witnesses - 42 U.S.C 1983 & U.S. Const. 14th
Amendment</u>

252.    Plaintiff reiterates paragraphs (1) through (251) as if fully reinstated herein for

the fifth cause of action against Defendant.

253.    Denial of right to due process occurs when:  A party is denied the right to cross-

examine adverse witnesses.

254.    Plaintiff reiterates ¶¶ 44 -47, 78, as if fully reinstated herein.

255.    This condition is met, because Defendant allowed Tortfeasors to ignore

Plaintiff's demand for a Bill of Particulars, filed June 28, 2022.  Defendant then went on to

deny Plaintiff's Order to Show Cause to compel Tortfeasors to comply with this demand.

256.    This denied Plaintiff the right to cross-examine adverse witnesses in the case.

257.    Additionally, Defendant allowed Tortfeasors to completely ignore their own

demand for oral examination of Plaintiff scheduled in July and October.  Plaintiff complied

with the demand and appeared in court but Tortfeasors simply never appeared.  During this

meeting Plaintiff would have secured opposing parties evidence as well.

258.    Plaintiff suffered a loss of the cost of the SA she paid for plus the cost of the

additional services in the amount of $1,300.00 and reinstates ¶¶ 889 -905 as if fully

reinstated herein.


<u>Count 6</u>

<u>Violation Of Rights Under Color Of Law: Substantive Due Process & Equal Protection -
Right To Present Evidence and Call Witnesses - 42 U.S.C 1983
& U.S. Const. 14th Amendment</u>


259.    Plaintiff reiterates paragraphs (1) through (258) as if fully reinstated herein for

the sixth cause of action against Defendant.

260.    Denial of right to due process occurs when:  A party is denied the right to present

evidence and call witnesses.

261.    Plaintiff reiterates ¶¶ 44 -47, 78, as if fully reinstated herein.

This condition is met, because Defendant allowed Tortfeasors to ignore

Plaintiff's demand for a Bill of Particulars, filed June 28, 2022.  Defendant then went on to

deny Plaintiff's Order to Show Cause to compel Tortfeasors to comply with this demand.

262.    This denied Plaintiff the right to call witnesses in the case.

263.    Additionally, Defendant allowed Tortfeasors to completely ignore their own

demand for oral examination of Plaintiff scheduled in July and October.

264.    Plaintiff complied with the demand and appeared in court but Tortfeasors simply

never appeared.  During this meeting Plaintiff would have secured opposing parties

evidence as well.

265.    Plaintiff suffered a loss of the cost of the SA she paid for plus the cost of the

additional services in the amount of $1,300.00 and reinstates ¶¶ 889 -905 as if fully

reinstated herein.


Count 7

Violation Of Rights Under Color Of Law: Substantive Due Process & Equal Protection -
Right To A Decision Based Exclusively On The Evidence Presented
42 U.S.C 1983 & U.S. Const. 14th Amendment

266.    Plaintiff reiterates paragraphs (1) through (265) as if fully reinstated herein for

the seventh cause of action against Defendant.

267.    Denial of right to due process occurs when:  A party is denied the right to a

decision based solely on the evidence presented.

49

268.     Plaintiff reiterates ¶¶ 32, 44-47, 48-49 & 78, as if fully reinstated herein.

269.     This condition is met, because Defendant allowed Tortfeasors to ignore Plaintiff's demand for a Bill of Particulars, filed June 28, 2022.  Defendant then went on to deny Plaintiff's Order to Show Cause to compel Tortfeasors to comply with this demand.

270.     This denied Plaintiff a decision based solely on the evidence in the case.

271.     Plaintiff suffered a loss of the cost of the SA she paid for plus the cost of the additional services in the amount of $1,300.00 and reinstates ¶¶ 889 -905 as if fully reinstated herein.


<u>Count 8</u>

<u>Violation Of Rights Under Color Of Law: Substantive Due Process & Equal Protection -
Right To A Record Of The Evidence Prepared By The Tribunal
42 U.S.C 1983 & U.S. Const. 14<u>th</u> Amendment</u>

272.     Plaintiff reiterates paragraphs (1) through (271) as if fully reinstated herein for the eighth cause of action against Defendant.

273.     Denial of right to due process occurs when:  A party is denied the right to record of evidence prepared by the court.

274.     Plaintiff reiterates ¶¶ 32, 44-47, 48-49 & 78, as if fully reinstated herein.

275.     This condition is met, because Defendant allowed Tortfeasors to ignore Plaintiff's demand for a Bill of Particulars, filed June 28, 2022.  Defendant then went on to deny Plaintiff's Order to Show Cause to compel Tortfeasors to comply with this demand.

276.     This denied Plaintiff a record of the evidence prepared by the court in the case.

277.    Plaintiff suffered a loss of the cost of the SA she paid for plus the cost of the additional services in the amount of $1,300.00 and reinstates ¶¶ 889 -905 as if fully reinstated herein.


Count 9

Violation Of Rights Under Color Of Law: Substantive Due Process & Equal Protection -
Right To Written Findings Of The Facts And Reasons For The Decision
42 U.S.C 1983 & U.S. Const. 14th Amendment

278.    Plaintiff reiterates paragraphs (1) through (277) as if fully reinstated herein for the ninth cause of action against Defendant.

279.    Denial of right to due process occurs when:  A party is denied written findings of the facts and reasons for the decision.

280.    Plaintiff reiterates ¶¶ 32, 44-47, 48-49 & 78, as if fully reinstated herein.

281.    This condition is met, because Defendant allowed Tortfeasors to ignore Plaintiff's demand for a Bill of Particulars, filed June 28, 2022.  Defendant then went on to deny Plaintiff's Order to Show Cause to compel Tortfeasors to comply with this demand.

282.    This denied Plaintiff the facts and reasons for the decision in the case.

283.    Plaintiff suffered a loss of the cost of the SA she paid for plus the cost of the additional services in the amount of $1,300.00 and reinstates ¶¶ 889 -905 as if fully reinstated herein.

**FEDEERAL CHARGES**

VIOLATIONS DUE TO DISCRIMINATION

=RACE=

Count 10

Deprivation Of Rights Under Color Of Law: Substantive Due Process
& Equal Protection, 42 U.S.C 1983: Race - Unbiased Tribunal

284.    Plaintiff reiterates paragraphs (1) through (283) as if fully reinstated herein

for the tenth cause of action against Defendant.

285.    Denial of right to due process occurs when:

A party is denied an unbiased tribunal.

286.    This condition is met, because Defendant 's conduct caused a distinction

between Plaintiff and Tortfeasors time and time again, such as denying Plaintiff discovery

and granting it to Tortfeasors in spite of the court rules governing discovery.

287.    Defendant merely stated repeatedly that the motions "lacked merit."

288.    This was completely untrue, the motions were of substantial merit.

289.    Defendant stated in her Order, dated December 9, 2022, that Plaintiff's

motion for summary judgment was granted only as to the third cause of action, breach of

contract.  But recognition of breach would facilitate recognition of all the other violations.

290.    Defendant ultimately granted Default, in her order she states that the firm

Fashion District Dental did not in fact, ever respond to the complaint.

291.    Therefor Plaintiffs motions were, in fact, meritorious.

292.    As to the denial of the Order to Show Cause to quash oral examinations,

Plaintiff was denied Opportunity to present reasons why the proposed action should not be

taken.

293.    Plaintiff asserts Defendant denied her due process and stripped her of her

property, among other reasons, due to Plaintiff's race.

294.    Plaintiff suffered a loss of the cost of the SA she paid for plus the cost of the additional services in the amount of $1,300.00 and reinstates ¶¶ 889 -905 as if fully reinstated herein.

Count 11

Deprivation Of Rights Under Color Of Law: Substantive Due Process
& Equal Protection, 42 U.S.C 1983: Race - Notice Of Proposed Action
And The Grounds Asserted For It

295.    Plaintiff reiterates paragraphs (1) through (294) as if fully reinstated herein for the eleventh cause action against Defendant.

296.    Denial of right to due process by lack of notification for decisions occurs when: A party is denied notice of the proposed action and the grounds asserted for it.

297.    This condition is met, because Defendant refused to submit notice upon Plaintiff's motions for summary judgment, for default, and for an Order to Show Cause to quash oral examination with legal arguments for her denial.

298.    Defendant merely stated repeatedly that the motions "lacked merit."

299.    This was completely untrue, the motions were of substantial merit.

300.    Defendant stated in her Order, dated December 9, 2022, that Plaintiff's motion for summary judgment was granted only as to the third cause of action, breach of contract. But recognition of breach would facilitate recognition of all the other violations.

301.    Defendant ultimately granted Default, in her order she states that the firm Fashion District Dental did not in fact, ever respond to the complaint.

302.    Therefor Plaintiffs motions were, in fact, meritorious.

53

303.    As to the denial of the Order to Show Cause to quash oral examinations, Plaintiff was denied Opportunity to present reasons why the proposed action should not be taken.

304.    This denied Plaintiff proper notification of decisions in the case.

305    Plaintiff suffered a loss of the cost of the SA she paid for plus the cost of the additional services in the amount of $1,300.00 and reinstates ¶¶ 889 -905 as if fully reinstated herein.


Count 12

Deprivation Of Rights Under Color Of Law: Substantive Due Process
& Equal Protection, 42 U.S.C 1983: Race - Right To Be Heard In Court

306    Plaintiff reiterates paragraphs (1) through (305) as if fully reinstated herein for the twelfth cause of action against Defendant.

307    Denial of right to due process occurs when:  A party is denied opportunity to be heard in court.

308    This condition is met, because Defendant ignored Plaintiff`s request for an adjournment of Tortfeasors rejection of her reply papers to their cross-motion, which would have engaged summary judgment and default judgment as scheduled in open court.

309    Defendant, instead, invited all parties to an oral arguments meeting via zoom for August 2nd, 2022.

310    This denied Plaintiff the opportunity to be heard in court during the proceedings.

311    Plaintiff suffered a loss of the cost of the SA she paid for plus the cost of the additional services in the amount of $1,300.00 and reinstates ¶¶ 889 -905 as if fully reinstated herein.

Count 13

Deprivation Of Rights Under Color Of Law: Substantive Due Process
& Equal Protection, 42 U.S.C 1983: Race - Right To Know Opposing Evidence

312     Plaintiff reiterates paragraphs (1) through (311) as if fully reinstated herein for

the thirteenth cause of action against Defendant.

313     Denial of right to due process occurs when:  A party is denied the right to know

opposing evidence.

314     Plaintiff reiterates ¶¶ 44 -47, 78, as if fully reinstated herein.

315     This condition is met, because Defendant allowed Tortfeasors to ignore

Plaintiff's demand for a Bill of Particulars, filed June 28, 2022.  Defendant then went on to

deny Plaintiff's Order to Show Cause to compel Tortfeasors to comply with this demand.

316     This denied Plaintiff the opposing parties evidence in the case.

317     Additionally, Defendant allowed Tortfeasors to completely ignore their own

demand for oral examination of Plaintiff scheduled in July and October.  Plaintiff complied

with the demand and appeared in court but Tortfeasors simply never appeared.  During this

meeting Plaintiff would have secured opposing parties evidence as well.

318     Plaintiff suffered a loss of the cost of the SA she paid for plus the cost of the

additional services in the amount of $1,300.00 and reinstates ¶¶ 889 -905 as if fully

reinstated herein.


Count 14

Deprivation Of Rights Under Color Of Law: Substantive Due Process
& Equal Protection, 42 U.S.C 1983: Race - Right To Cross Examine Adverse Witnesses

319     Plaintiff reiterates paragraphs (1) through (318) as if fully reinstated herein for

the fourteenth cause of action against Defendant.

320     Denial of right to due process occurs when:  A party is denied the right to cross-examine adverse witnesses.

321     Plaintiff reiterates ¶¶ 44 -47, 78, as if fully reinstated herein.

322     This condition is met, because Defendant allowed Tortfeasors to ignore Plaintiff's demand for a Bill of Particulars, filed June 28, 2022.  Defendant then went on to deny Plaintiff's Order to Show Cause to compel Tortfeasors to comply with this demand.

323     This denied Plaintiff the right to cross-examine adverse witnesses in the case.

324     Additionally, Defendant allowed Tortfeasors to completely ignore their own demand for oral examination of Plaintiff scheduled in July and October.  Plaintiff complied with the demand and appeared in court but Tortfeasors simply never appeared.  During this meeting Plaintiff would have secured opposing parties evidence as well.

325     Plaintiff suffered a loss of the cost of the SA she paid for plus the cost of the additional services in the amount of $1,300.00 and reinstates ¶¶ 889 -905 as if fully reinstated herein.

Count 15

Deprivation Of Rights Under Color Of Law: Substantive Due Process
& Equal Protection, 42 U.S.C 1983: Race - Right To Present Evidence and Call Witnesses

326     Plaintiff reiterates paragraphs (1) through (325) as if fully reinstated herein for the fifteenth cause of action against Defendant.

327     Denial of right to due process occurs when:  A party is denied the right to present evidence and call witnesses.

328     Plaintiff reiterates ¶¶ 44 -47, 78, as if fully reinstated herein. This condition is met, because Defendant allowed Tortfeasors to ignore

56

Plaintiff's demand for a Bill of Particulars, filed June 28, 2022.  Defendant then went on to

deny Plaintiff's Order to Show Cause to compel Tortfeasors to comply with this demand.

329     This denied Plaintiff the right to call witnesses in the case.

330     Additionally, Defendant allowed Tortfeasors to completely ignore their own

demand for oral examination of Plaintiff scheduled in July and October.

331.     Plaintiff complied with the demand and appeared in court but Tortfeasors simply

never appeared.  During this meeting Plaintiff would have secured opposing parties

evidence as well.

332     Plaintiff suffered a loss of the cost of the SA she paid for plus the cost of the

additional services in the amount of $1,300.00 and reinstates ¶¶ 889 -905 as if fully

reinstated herein.


### Count 16

Deprivation Of Rights Under Color Of Law: Substantive Due Process
& Equal Protection, 42 U.S.C 1983: Race - Right To A Decision
Based Exclusively On The Evidence Presented

333     Plaintiff reiterates paragraphs (1) through (332) as if fully reinstated herein for

the sixteenth cause of action against Defendant.

334     Denial of right to due process occurs when:  A party is denied the right to a

decision based solely on the evidence presented.

335     Plaintiff reiterates ¶¶ 32, 44-47, 48-49 & 78, as if fully reinstated herein.

336     This condition is met, because Defendant allowed Tortfeasors to ignore

Plaintiff's demand for a Bill of Particulars, filed June 28, 2022.  Defendant then went on to

deny Plaintiff's Order to Show Cause to compel Tortfeasors to comply with this demand.

337     This denied Plaintiff a decision based solely on the evidence in the case.

338     Plaintiff suffered a loss of the cost of the SA she paid for plus the cost of the

additional services in the amount of $1,300.00 and reinstates ¶¶ 889 -905 as if fully

reinstated herein.


Count 17

Deprivation Of Rights Under Color Of Law: Substantive Due Process
& Equal Protection, 42 U.S.C 1983: Race - Right To A Record Of
The Evidence Prepared By The Tribunal

339     Plaintiff reiterates paragraphs (1) through (338) as if fully reinstated herein for

the seventeenth cause of action against Defendant.

340     Denial of right to due process occurs when:  A party is denied the right to record

of evidence prepared by the court.

341     Plaintiff reiterates ¶¶ 32, 44-47, 48-49 & 78, as if fully reinstated herein.

342     This condition is met, because Defendant allowed Tortfeasors to ignore

Plaintiff's demand for a Bill of Particulars, filed June 28, 2022.  Defendant then went on to

deny Plaintiff's Order to Show Cause to compel Tortfeasors to comply with this demand.

343     This denied Plaintiff a record of the evidence prepared by the court in the

case.

344     Plaintiff suffered a loss of the cost of the SA she paid for plus the cost of the

additional services in the amount of $1,300.00 and reinstates ¶¶ 889 -905 as if fully

reinstated herein.

<u>Count 18</u>

<u>Deprivation Of Rights Under Color Of Law: Substantive Due Process
& Equal Protection, 42 U.S.C 1983: Race - Right To Written Findings Of
The Facts And Reasons For The Decision</u>

345     Plaintiff reiterates paragraphs (1) through (344) as if fully reinstated herein for

the eighteenth cause of action against Defendant.

346     Denial of right to due process occurs when:  A party is denied written findings of

the facts and reasons for the decision.

347     Plaintiff reiterates ¶¶ 32, 44-47, 48-49 & 78, as if fully reinstated herein.

348     This condition is met, because Defendant allowed Tortfeasors to ignore

Plaintiff's demand for a Bill of Particulars, filed June 28, 2022.  Defendant then went on to

deny Plaintiff's Order to Show Cause to compel Tortfeasors to comply with this demand.

349     This denied Plaintiff the facts and reasons for the decision in the case.

350     Plaintiff suffered a loss of the cost of the SA she paid for plus the cost of the

additional services in the amount of $1,300.00 and reinstates ¶¶ 889 -905 as if fully

reinstated herein.

=SOCIO-ECONOMIC STATUS=

<u>Count 19</u>

<u>Deprivation Of Rights Under Color Of Law: Substantive Due Process
& Equal Protection, 42 U.S.C 1983: Socio-economic Status - Unbiased Tribunal</u>

351.    Plaintiff reiterates paragraphs (1) through (350) as if fully reinstated herein

for the nineteenth cause of action against Defendant.

352.    Denial of right to due process occurs when:

A party is denied an unbiased tribunal.

353.    This condition is met, because Defendant 's conduct caused a distinction between Plaintiff and Tortfeasors time and time again, such as denying Plaintiff discovery and granting it to Tortfeasors in spite of the court rules governing discovery.

354.    Defendant merely stated repeatedly that the motions "lacked merit."

355.    This was completely untrue, the motions were of substantial merit.

356.    Defendant stated in her Order, dated December 9, 2022, that Plaintiff's motion for summary judgment was granted only as to the third cause of action, breach of contract. But recognition of breach would facilitate recognition of all the other violations.

357.    Defendant ultimately granted Default, in her order she states that the firm Fashion District Dental did not in fact, ever respond to the complaint.

358.    Therefor Plaintiffs motions were, in fact, meritorious.

359.    As to the denial of the Order to Show Cause to quash oral examinations, Plaintiff was denied Opportunity to present reasons why the proposed action should not be taken.

360.    Plaintiff asserts Defendant denied her due process and stripped her of her property, among other reasons, due to Plaintiff's socio-economic status.

361.    Plaintiff suffered a loss of the cost of the SA she paid for plus the cost of the additional services in the amount of $1,300.00 and reinstates ¶¶ 889 -905 as if fully reinstated herein.


## Count 20

### Deprivation Of Rights Under Color Of Law: Substantive Due Process & Equal Protection, 42 U.S.C 1983: Socio-economic Status - Notice Of Proposed Action And The Grounds Asserted For It

362.    Plaintiff reiterates paragraphs (1) through (361) as if fully reinstated herein

for the twentieth cause of action against Defendant.

363     Denial of right to due process by lack of notification for decisions occurs when: A party is denied notice of the proposed action and the grounds asserted for it.

364     This condition is met, because Defendant refused to submit notice upon Plaintiff's motions for summary judgment, for default, and for an Order to Show Cause to quash oral examination with legal arguments for her denial.

365     Defendant merely stated repeatedly that the motions "lacked merit."

366     This was completely untrue, the motions were of substantial merit.

367     Defendant stated in her Order, dated December 9, 2022, that Plaintiff's motion for summary judgment was granted only as to the third cause of action, breach of contract. But recognition of breach would facilitate recognition of all the other violations.

368.     Defendant ultimately granted Default, in her order she states that the firm Fashion District Dental did not in fact, ever respond to the complaint.

369     Therefor Plaintiffs motions were, in fact, meritorious.

370     As to the denial of the Order to Show Cause to quash oral examinations, Plaintiff was denied Opportunity to present reasons why the proposed action should not be taken.

371     This denied Plaintiff proper notification of decisions in the case.

372     Plaintiff suffered a loss of the cost of the SA she paid for plus the cost of the additional services in the amount of $1,300.00 and reinstates ¶¶ 889 -905 as if fully reinstated herein.

Count 21

Deprivation Of Rights Under Color Of Law: Substantive Due Process
& Equal Protection, 42 U.S.C 1983: Socio-economic Status - Right To Be Heard In Court

373     Plaintiff reiterates paragraphs (1) through (372) as if fully reinstated herein

for the twenty-first cause of action against Defendant.

374     Denial of right to due process occurs when:  A party is denied opportunity to be

heard in court.

375     This condition is met, because Defendant ignored Plaintiff's request for an

adjournment of Tortfeasors rejection of her reply papers to their cross-motion, which would

have engaged summary judgment and default judgment as scheduled in open court.

376     Defendant, instead, invited all parties to an oral arguments meeting via zoom

for August 2nd, 2022.

377     This denied Plaintiff the opportunity to be heard in court during the

proceedings.

378     Plaintiff suffered a loss of the cost of the SA she paid for plus the cost of the

additional services in the amount of $1,300.00 and reinstates ¶¶ 889 -905 as if fully

reinstated herein.


Count 22

Deprivation Of Rights Under Color Of Law: Substantive Due Process
& Equal Protection, 42 U.S.C 1983: Socio-economic Status –
Right To Know Opposing Evidence

379     Plaintiff reiterates paragraphs (1) through (378) as if fully reinstated herein for

the twenty-second cause of action against Defendant.

380     Denial of right to due process occurs when:  A party is denied the right to know

opposing evidence.

381     Plaintiff reiterates ¶¶ 44 -47, 78, as if fully reinstated herein.

382     This condition is met, because Defendant allowed Tortfeasors to ignore Plaintiff's demand for a Bill of Particulars, filed June 28, 2022.  Defendant then went on to deny Plaintiff's Order to Show Cause to compel Tortfeasors to comply with this demand.

383     This denied Plaintiff the opposing parties evidence in the case.

384     Additionally, Defendant allowed Tortfeasors to completely ignore their own demand for oral examination of Plaintiff scheduled in July and October.  Plaintiff complied with the demand and appeared in court but Tortfeasors simply never appeared.  During this meeting Plaintiff would have secured opposing parties evidence as well.

385     Plaintiff suffered a loss of the cost of the SA she paid for plus the cost of the additional services in the amount of $1,300.00 and reinstates ¶¶ 889 -905 as if fully reinstated herein.


Count 23

Deprivation Of Rights Under Color Of Law: Substantive Due Process
& Equal Protection, 42 U.S.C 1983: Socio-economic Status –
Right To Cross Examine Adverse Witnesses

386     Plaintiff reiterates paragraphs (1) through (385) as if fully reinstated herein for the twenty-third cause of action against Defendant.

387     Denial of right to due process occurs when:  A party is denied the right to cross-examine adverse witnesses.

388     Plaintiff reiterates ¶¶ 44 -47, 78, as if fully reinstated herein.

389     This condition is met, because Defendant allowed Tortfeasors to ignore Plaintiff's demand for a Bill of Particulars, filed June 28, 2022.  Defendant then went on to deny Plaintiff's Order to Show Cause to compel Tortfeasors to comply with this demand.

390     This denied Plaintiff the right to cross-examine adverse witnesses in the case.

391     Additionally, Defendant allowed Tortfeasors to completely ignore their own demand for oral examination of Plaintiff scheduled in July and October.  Plaintiff complied with the demand and appeared in court but Tortfeasors simply never appeared.  During this meeting Plaintiff would have secured opposing parties evidence as well.

392     Plaintiff suffered a loss of the cost of the SA she paid for plus the cost of the additional services in the amount of $1,300.00 and reinstates ¶¶ 889 -905 as if fully reinstated herein.

### Count 24

### Deprivation Of Rights Under Color Of Law: Substantive Due Process & Equal Protection, 42 U.S.C 1983: Socio-economic Status – Right To Present Evidence and Call Witnesses

393     Plaintiff reiterates paragraphs (1) through (392) as if fully reinstated herein for the twenty-fourth cause of action against Defendant.

394     Denial of right to due process occurs when:  A party is denied the right to present evidence and call witnesses.

395     Plaintiff reiterates ¶¶ 44 -47, 78, as if fully reinstated herein. This condition is met, because Defendant allowed Tortfeasors to ignore Plaintiff's demand for a Bill of Particulars, filed June 28, 2022.  Defendant then went on to deny Plaintiff's Order to Show Cause to compel Tortfeasors to comply with this demand.

396     This denied Plaintiff the right to call witnesses in the case.

397     Additionally, Defendant allowed Tortfeasors to completely ignore their own demand for oral examination of Plaintiff scheduled in July and October.

398.     Plaintiff complied with the demand and appeared in court but Tortfeasors simply never appeared.  During this meeting Plaintiff would have secured opposing parties evidence as well.

399     Plaintiff suffered a loss of the cost of the SA she paid for plus the cost of the additional services in the amount of $1,300.00 and reinstates ¶¶ 889 -905 as if fully reinstated herein.

Count 25

Deprivation Of Rights Under Color Of Law: Substantive Due Process
& Equal Protection, 42 U.S.C 1983: Socio-economic Status - Right To A Decision
Based Exclusively On The Evidence Presented

400     Plaintiff reiterates paragraphs (1) through (399) as if fully reinstated herein for the twenty-fifth cause of action against Defendant.

401     Denial of right to due process occurs when:  A party is denied the right to a decision based solely on the evidence presented.

402     Plaintiff reiterates ¶¶ 32, 44-47, 48-49 & 78, as if fully reinstated herein.

403     This condition is met, because Defendant allowed Tortfeasors to ignore Plaintiff's demand for a Bill of Particulars, filed June 28, 2022.  Defendant then went on to deny Plaintiff's Order to Show Cause to compel Tortfeasors to comply with this demand.

404     This denied Plaintiff a decision based solely on the evidence in the case.

405     Plaintiff suffered a loss of the cost of the SA she paid for plus the cost of the additional services in the amount of $1,300.00 and reinstates ¶¶ 889 -905 as if fully reinstated herein.

Count 26

Deprivation Of Rights Under Color Of Law: Substantive Due Process
& Equal Protection, 42 U.S.C 1983: Socio-economic Status - Right To A Record Of
The Evidence Prepared By The Tribunal

406     Plaintiff reiterates paragraphs (1) through (405) as if fully reinstated herein for

the twenty-sixth cause of action against Defendant.

407     Denial of right to due process occurs when:  A party is denied the right to record

of evidence prepared by the court.

408     Plaintiff reiterates ¶¶ 32, 44-47, 48-49 & 78, as if

fully reinstated herein.

409     This condition is met, because Defendant allowed Tortfeasors to ignore

Plaintiff's demand for a Bill of Particulars, filed June 28, 2022.  Defendant then went on to

deny Plaintiff's Order to Show Cause to compel Tortfeasors to comply with this demand.

410     This denied Plaintiff a record of the evidence prepared by the court in the

case.

411     Plaintiff suffered a loss of the cost of the SA she paid for plus the cost of the

additional services in the amount of $1,300.00 and reinstates ¶¶ 889 -905 as if fully

reinstated herein.


Count 27

Deprivation Of Rights Under Color Of Law: Substantive Due Process
& Equal Protection, 42 U.S.C 1983: Socio-economic Status - Right To Written Findings Of
The Facts And Reasons For The Decision

412     Plaintiff reiterates paragraphs (1) through (411) as if fully reinstated herein for

the twenty-seventh cause of action against Defendant.

66

413    Denial of right to due process occurs when:  A party is denied written findings of the facts and reasons for the decision.

414    Plaintiff reiterates ¶¶ 32, 44-47, 48-49 & 78, as if fully reinstated herein.

415    This condition is met, because Defendant allowed Tortfeasors to ignore Plaintiff's demand for a Bill of Particulars, filed June 28, 2022.  Defendant then went on to deny Plaintiff's Order to Show Cause to compel Tortfeasors to comply with this demand.

416    This denied Plaintiff the facts and reasons for the decision in the case.

417    Plaintiff suffered a loss of the cost of the SA she paid for plus the cost of the additional services in the amount of $1,300.00 and reinstates ¶¶ 889 -905 as if fully reinstated herein.


=GENDER=

Count 28

Deprivation Of Rights Under Color Of Law: Substantive Due Process
& Equal Protection, 42 U.S.C 1983: Gender - Unbiased Tribunal

418.    Plaintiff reiterates paragraphs (1) through (417) as if fully reinstated herein for the twenty-eighth cause of action against Defendant.

419.    Denial of right to due process occurs when:

A party is denied an unbiased tribunal.

420.    This condition is met, because Defendant 's conduct caused a distinction between Plaintiff and Tortfeasors time and time again, such as denying Plaintiff discovery and granting it to Tortfeasors in spite of the court rules governing discovery.

421.    Defendant merely stated repeatedly that the motions "lacked merit."

422.    This was completely untrue, the motions were of substantial merit.

423.    Defendant stated in her Order, dated December 9, 2022, that Plaintiff's

motion for summary judgment was granted only as to the third cause of action, breach of contract. But recognition of breach would facilitate recognition of all the other violations.

424.    Defendant ultimately granted Default, in her order she states that the firm Fashion District Dental did not in fact, ever respond to the complaint.

425.    Therefor Plaintiffs motions were, in fact, meritorious.

426.    As to the denial of the Order to Show Cause to quash oral examinations, Plaintiff was denied Opportunity to present reasons why the proposed action should not be taken.

427.    Plaintiff asserts Defendant denied her due process and stripped her of her property, among other reasons, due to Plaintiff's gender.

428.    Plaintiff suffered a loss of the cost of the SA she paid for plus the cost of the additional services in the amount of $1,300.00 and reinstates ¶¶ 889 -905 as if fully reinstated herein.


Count 29

Deprivation Of Rights Under Color Of Law: Substantive Due Process
& Equal Protection, 42 U.S.C 1983: Gender - Notice Of
Proposed Action And The Grounds Asserted For It


429.    Plaintiff reiterates paragraphs (1) through (428) as if fully reinstated herein for the twenty-ninth cause of action against Defendant.

430    Denial of right to due process by lack of notification for decisions occurs when: A party is denied notice of the proposed action and the grounds asserted for it.

431    This condition is met, because Defendant refused to submit notice upon Plaintiff's motions for summary judgment, for default, and for an Order to Show Cause to quash oral examination with legal arguments for her denial.

432     Defendant merely stated repeatedly that the motions "lacked merit."

433     This was completely untrue, the motions were of substantial merit.

434     Defendant stated in her Order, dated December 9, 2022, that Plaintiff's

motion for summary judgment was granted only as to the third cause of action, breach of

contract. But recognition of breach would facilitate recognition of all the other violations.

435.    Defendant ultimately granted Default, in her order she states that the firm

Fashion District Dental did not in fact, ever respond to the complaint.

436     Therefor Plaintiffs motions were, in fact, meritorious.

437     As to the denial of the Order to Show Cause to quash oral examinations,

Plaintiff was denied Opportunity to present reasons why the proposed action should not be

taken.

438     This denied Plaintiff proper notification of decisions in the case.

439     Plaintiff suffered a loss of the cost of the SA she paid for plus the cost of the

additional services in the amount of $1,300.00 and reinstates ¶¶ 889 -905 as if fully

reinstated herein.

Count 30

Deprivation Of Rights Under Color Of Law: Substantive Due Process
& Equal Protection, 42 U.S.C 1983: Gender - Right To Be Heard In Court

440     Plaintiff reiterates paragraphs (1) through (439) as if fully reinstated herein

for the thirtieth cause of action against Defendant.

441     Denial of right to due process occurs when:  A party is denied opportunity to be

heard in court.

442     This condition is met, because Defendant ignored Plaintiff's request for an

adjournment of Tortfeasors rejection of her reply papers to their cross-motion, which would have engaged summary judgment and default judgment as scheduled in open court.

443     Defendant, instead, invited all parties to an oral arguments meeting via zoom for August 2nd, 2022.

444     This denied Plaintiff the opportunity to be heard in court during the proceedings.

445     Plaintiff suffered a loss of the cost of the SA she paid for plus the cost of the additional services in the amount of $1,300.00 and reinstates ¶¶ 889 -905 as if fully reinstated herein.

Count 31

Deprivation Of Rights Under Color Of Law: Substantive Due Process
& Equal Protection, 42 U.S.C 1983: Gender –
Right To Know Opposing Evidence

446     Plaintiff reiterates paragraphs (1) through (445) as if fully reinstated herein for the thirty-first cause of action against Defendant.

447     Denial of right to due process occurs when:  A party is denied the right to know opposing evidence.

448     Plaintiff reiterates ¶¶ 44 -47, 78, as if fully reinstated herein.

449     This condition is met, because Defendant allowed Tortfeasors to ignore Plaintiff's demand for a Bill of Particulars, filed June 28, 2022.  Defendant then went on to deny Plaintiff's Order to Show Cause to compel Tortfeasors to comply with this demand.

450     This denied Plaintiff the opposing parties evidence in the case.

451     Additionally, Defendant allowed Tortfeasors to completely ignore their own

demand for oral examination of Plaintiff scheduled in July and October.  Plaintiff complied

with the demand and appeared in court but Tortfeasors simply never appeared.  During this

meeting Plaintiff would have secured opposing parties evidence as well.

452     Plaintiff suffered a loss of the cost of the SA she paid for plus the cost of the

additional services in the amount of $1,300.00 and reinstates ¶¶ 889 -905 as if fully

reinstated herein.

### Count 32

#### Deprivation Of Rights Under Color Of Law: Substantive Due Process & Equal Protection, 42 U.S.C 1983: Gender – Right To Cross Examine Adverse Witnesses

453     Plaintiff reiterates paragraphs (1) through (452) as if fully reinstated herein for

the thirty-second cause of action against Defendant.

454     Denial of right to due process occurs when:  A party is denied the right to cross-

examine adverse witnesses.

455     Plaintiff reiterates ¶¶ 44 -47, 78, as if fully reinstated herein.

456     This condition is met, because Defendant allowed Tortfeasors to ignore

Plaintiff's demand for a Bill of Particulars, filed June 28, 2022.  Defendant then went on to

deny Plaintiff's Order to Show Cause to compel Tortfeasors to comply with this demand.

457     This denied Plaintiff the right to cross-examine adverse witnesses in the case.

458     Additionally, Defendant allowed Tortfeasors to completely ignore their own

demand for oral examination of Plaintiff scheduled in July and October.  Plaintiff complied

with the demand and appeared in court but Tortfeasors simply never appeared.  During this

meeting Plaintiff would have secured opposing parties evidence as well.

459.    Plaintiff suffered a loss of the cost of the SA she paid for plus the cost of the additional services in the amount of $1,300.00 and reinstates ¶¶ 889 -905 as if fully reinstated herein.

Count 33

Deprivation Of Rights Under Color Of Law: Substantive Due Process
& Equal Protection, 42 U.S.C 1983: Gender –
Right To Present Evidence and Call Witnesses

460    Plaintiff reiterates paragraphs (1) through (459) as if fully reinstated herein for the thirty-third cause of action against Defendant.

461    Denial of right to due process occurs when:  A party is denied the right to present evidence and call witnesses.

462    Plaintiff reiterates ¶¶ 44 -47, 78, as if fully reinstated herein. This condition is met, because Defendant allowed Tortfeasors to ignore Plaintiff's demand for a Bill of Particulars, filed June 28, 2022.  Defendant then went on to deny Plaintiff's Order to Show Cause to compel Tortfeasors to comply with this demand.

463    This denied Plaintiff the right to call witnesses in the case.

464    Additionally, Defendant allowed Tortfeasors to completely ignore their own demand for oral examination of Plaintiff scheduled in July and October.

465.    Plaintiff complied with the demand and appeared in court but Tortfeasors simply never appeared.  During this meeting Plaintiff would have secured opposing parties evidence as well.

466    Plaintiff suffered a loss of the cost of the SA she paid for plus the cost of the additional services in the amount of $1,300.00 and reinstates ¶¶ 889 -905 as if fully reinstated herein.

<u>Count 34</u>

<u>Deprivation Of Rights Under Color Of Law: Substantive Due Process
& Equal Protection, 42 U.S.C 1983: Gender - Right To A Decision
Based Exclusively On The Evidence Presented</u>

467     Plaintiff reiterates paragraphs (1) through (466) as if fully reinstated herein for

the thirty-fourth cause of action against Defendant.

468     Denial of right to due process occurs when:  A party is denied the right to a

decision based solely on the evidence presented.

469     Plaintiff reiterates ¶¶ 32, 44-47, 48-49 & 78, as if fully reinstated herein.

470     This condition is met, because Defendant allowed Tortfeasors to ignore

Plaintiff's demand for a Bill of Particulars, filed June 28, 2022.  Defendant then went on to

deny Plaintiff's Order to Show Cause to compel Tortfeasors to comply with this demand.

471     This denied Plaintiff a decision based solely on the evidence in the case.

472     Plaintiff suffered a loss of the cost of the SA she paid for plus the cost of the

additional services in the amount of $1,300.00 and reinstates ¶¶ 889 -905 as if fully

reinstated herein.


<u>Count 35</u>

<u>Deprivation Of Rights Under Color Of Law: Substantive Due Process
& Equal Protection, 42 U.S.C 1983: Gender - Right To A Record Of
The Evidence Prepared By The Tribunal</u>

473     Plaintiff reiterates paragraphs (1) through (472) as if fully reinstated herein for

the thirty-fifth cause of action against Defendant.

474     Denial of right to due process occurs when:  A party is denied the right to record

of evidence prepared by the court.

475     Plaintiff reiterates ¶¶ 32, 44-47, 48-49 & 78, as if

fully reinstated herein.

476     This condition is met, because Defendant allowed Tortfeasors to ignore

Plaintiff's demand for a Bill of Particulars, filed June 28, 2022.  Defendant then went on to

deny Plaintiff's Order to Show Cause to compel Tortfeasors to comply with this demand.

477     This denied Plaintiff a record of the evidence prepared by the court in the

case.

478     Plaintiff suffered a loss of the cost of the SA she paid for plus the cost of the

additional services in the amount of $1,300.00 and reinstates ¶¶ 889 -905 as if fully

reinstated herein.

<br>

<br>

## Count 36

### Deprivation Of Rights Under Color Of Law: Substantive Due Process & Equal Protection, 42 U.S.C 1983: Gender - Right To Written Findings Of The Facts And Reasons For The Decision

479     Plaintiff reiterates paragraphs (1) through (478) as if fully reinstated herein for

the thirty-sixth cause of action against Defendant.

480     Denial of right to due process occurs when:  A party is denied written findings of

the facts and reasons for the decision.

481     Plaintiff reiterates ¶¶ 32, 44-47, 48-49 & 78, as if fully reinstated herein.

482     This condition is met, because Defendant allowed Tortfeasors to ignore

Plaintiff's demand for a Bill of Particulars, filed June 28, 2022.  Defendant then went on to

deny Plaintiff's Order to Show Cause to compel Tortfeasors to comply with this demand.

483     This denied Plaintiff the facts and reasons for the decision in the case.

484     Plaintiff suffered a loss of the cost of the SA she paid for plus the cost of the

additional services in the amount of $1,300.00 and reinstates ¶¶ 889 -905 as if fully

reinstated herein.

= PRO SE STATUS=

Count 37

Deprivation Of Rights Under Color Of Law: Substantive Due Process
& Equal Protection, 42 U.S.C 1983: Pro se Status - Unbiased Tribunal

485.    Plaintiff reiterates paragraphs (1) through (484) as if fully reinstated herein

for the thirty-seventh cause of action against Defendant.

486.    Denial of right to due process occurs when:

A party is denied an unbiased tribunal.

487.    This condition is met, because Defendant 's conduct caused a distinction

between Plaintiff and Tortfeasors time and time again, such as denying Plaintiff discovery

and granting it to Tortfeasors in spite of the court rules governing discovery.

488.    Defendant merely stated repeatedly that the motions "lacked merit."

489.    This was completely untrue, the motions were of substantial merit.

490.    Defendant stated in her Order, dated December 9, 2022, that Plaintiff's

motion for summary judgment was granted only as to the third cause of action, breach of

contract. But recognition of breach would facilitate recognition of all the other violations.

491.    Defendant ultimately granted Default, in her order she states that the firm

Fashion District Dental did not in fact, ever respond to the complaint.

492.    Therefor Plaintiffs motions were, in fact, meritorious.

75

493.     As to the denial of the Order to Show Cause to quash oral examinations, Plaintiff was denied Opportunity to present reasons why the proposed action should not be taken.

494.     Plaintiff asserts Defendant denied her due process and stripped her of her property, among other reasons, due to Plaintiff's pro se status.

495.     Plaintiff suffered a loss of the cost of the SA she paid for plus the cost of the additional services in the amount of $1,300.00 and reinstates ¶¶ 889 -905 as if fully reinstated herein.

Count 38

Deprivation Of Rights Under Color Of Law: Substantive Due Process
& Equal Protection, 42 U.S.C 1983: Pro se Status - Notice Of
Proposed Action And The Grounds Asserted For It

496.     Plaintiff reiterates paragraphs (1) through (495) as if fully reinstated herein for the thirty-eighth cause of action against Defendant.

497     Denial of right to due process by lack of notification for decisions occurs when: A party is denied notice of the proposed action and the grounds asserted for it.

498     This condition is met, because Defendant refused to submit notice upon Plaintiff's motions for summary judgment, for default, and for an Order to Show Cause to quash oral examination with legal arguments for her denial.

499     Defendant merely stated repeatedly that the motions "lacked merit."

500     This was completely untrue, the motions were of substantial merit.

501     Defendant stated in her Order, dated December 9, 2022, that Plaintiff's

motion for summary judgment was granted only as to the third cause of action, breach of contract. But recognition of breach would facilitate recognition of all the other violations.

502.    Defendant ultimately granted Default, in her order she states that the firm Fashion District Dental did not in fact, ever respond to the complaint.

503    Therefor Plaintiffs motions were, in fact, meritorious.

504    As to the denial of the Order to Show Cause to quash oral examinations, Plaintiff was denied Opportunity to present reasons why the proposed action should not be taken.

505    This denied Plaintiff proper notification of decisions in the case.

506    Plaintiff suffered a loss of the cost of the SA she paid for plus the cost of the additional services in the amount of $1,300.00 and reinstates ¶¶ 889 -905 as if fully reinstated herein.


Count 39

Deprivation Of Rights Under Color Of Law: Substantive Due Process
& Equal Protection, 42 U.S.C 1983: Pro se Status - Right To Be Heard In Court

507    Plaintiff reiterates paragraphs (1) through (506) as if fully reinstated herein for the thirty-ninth cause of action against Defendant.

508    Denial of right to due process occurs when:  A party is denied opportunity to be heard in court.

509    This condition is met, because Defendant ignored Plaintiff`s request for an adjournment of Tortfeasors rejection of her reply papers to their cross-motion, which would have engaged summary judgment and default judgment as scheduled in open court.

510    Defendant, instead, invited all parties to an oral arguments meeting via zoom

for August 2nd, 2022.

511     This denied Plaintiff the opportunity to be heard in court during the

proceedings.

512     Plaintiff suffered a loss of the cost of the SA she paid for plus the cost of the

additional services in the amount of $1,300.00 and reinstates ¶¶ 889 -905 as if fully

reinstated herein.

### Count 40

Deprivation Of Rights Under Color Of Law: Substantive Due Process
& Equal Protection, 42 U.S.C 1983: Pro se Status –
Right To Know Opposing Evidence

513     Plaintiff reiterates paragraphs (1) through (512) as if fully reinstated herein for

the fortieth cause of action against Defendant.

514     Denial of right to due process occurs when:  A party is denied the right to know

opposing evidence.

515     Plaintiff reiterates ¶¶ 44 -47, 78, as if fully reinstated herein.

516     This condition is met, because Defendant allowed Tortfeasors to ignore

Plaintiff's demand for a Bill of Particulars, filed June 28, 2022.  Defendant then went on to

deny Plaintiff's Order to Show Cause to compel Tortfeasors to comply with this demand.

517     This denied Plaintiff the opposing parties evidence in the case.

518     Additionally, Defendant allowed Tortfeasors to completely ignore their own

demand for oral examination of Plaintiff scheduled in July and October.  Plaintiff complied

with the demand and appeared in court but Tortfeasors simply never appeared.  During this

meeting Plaintiff would have secured opposing parties evidence as well.

519     Plaintiff suffered a loss of the cost of the SA she paid for plus the cost of the

additional services in the amount of $1,300.00 and reinstates ¶¶ 889 -905 as if fully

reinstated herein.

## Count 41

### Deprivation Of Rights Under Color Of Law: Substantive Due Process & Equal Protection, 42 U.S.C 1983: Pro se Status – Right To Cross Examine Adverse Witnesses

520     Plaintiff reiterates paragraphs (1) through (519) as if fully reinstated herein for

the forty-first cause of action against Defendant.

521     Denial of right to due process occurs when:  A party is denied the right to cross-

examine adverse witnesses.

522     Plaintiff reiterates ¶¶ 44 -47, 78, as if fully reinstated herein.

523     This condition is met, because Defendant allowed Tortfeasors to ignore

Plaintiff's demand for a Bill of Particulars, filed June 28, 2022.  Defendant then went on to

deny Plaintiff's Order to Show Cause to compel Tortfeasors to comply with this demand.

524     This denied Plaintiff the right to cross-examine adverse witnesses in the case.

525     Additionally, Defendant allowed Tortfeasors to completely ignore their own

demand for oral examination of Plaintiff scheduled in July and October.  Plaintiff complied

with the demand and appeared in court but Tortfeasors simply never appeared.  During this

meeting Plaintiff would have secured opposing parties evidence as well.

526     Plaintiff suffered a loss of the cost of the SA she paid for plus the cost of the

additional services in the amount of $1,300.00 and reinstates ¶¶ 889 -905 as if fully

reinstated herein.

<u>Count 42</u>

<u>Deprivation Of Rights Under Color Of Law: Substantive Due Process
& Equal Protection, 42 U.S.C 1983: Pro se Status –
Right To Present Evidence and Call Witnesses</u>

527     Plaintiff reiterates paragraphs (1) through (526) as if fully reinstated herein for

the forty-second cause of action against Defendant.

528     Denial of right to due process occurs when:  A party is denied the right to present

evidence and call witnesses.

529     Plaintiff reiterates ¶¶ 44 -47, 78, as if fully reinstated herein.

This condition is met, because Defendant allowed Tortfeasors to ignore

Plaintiff's demand for a Bill of Particulars, filed June 28, 2022.  Defendant then went on to

deny Plaintiff's Order to Show Cause to compel Tortfeasors to comply with this demand.

530     This denied Plaintiff the right to call witnesses in the case.

531     Additionally, Defendant allowed Tortfeasors to completely ignore their own

demand for oral examination of Plaintiff scheduled in July and October.  Plaintiff complied

with the demand and appeared in court but Tortfeasors simply never appeared.  During this

meeting Plaintiff would have secured opposing parties evidence as well.

532     Plaintiff suffered a loss of the cost of the SA she paid for plus the cost of the

additional services in the amount of $1,300.00 and reinstates ¶¶ 889 -905 as if fully

reinstated herein.


<u>Count 43</u>

<u>Deprivation Of Rights Under Color Of Law: Substantive Due Process
& Equal Protection, 42 U.S.C 1983: Pro se Status - Right To A Decision
Based Exclusively On The Evidence Presented</u>

533     Plaintiff reiterates paragraphs (1) through (532) as if fully reinstated herein for

the forty-third cause of action against Defendant.

534     Denial of right to due process occurs when:  A party is denied the right to a decision based solely on the evidence presented.

535     Plaintiff reiterates ¶¶ 32, 44-47, 48-49 & 78, as if fully reinstated herein.

536     This condition is met, because Defendant allowed Tortfeasors to ignore Plaintiff's demand for a Bill of Particulars, filed June 28, 2022.

537.     Defendant then went on to deny Plaintiff's Order to Show Cause to compel Tortfeasors to comply with this demand.

538     This denied Plaintiff a decision based solely on the evidence in the case.

539     Plaintiff suffered a loss of the cost of the SA she paid for plus the cost of the additional services in the amount of $1,300.00 and reinstates ¶¶ 889 -905 as if fully reinstated herein.

## Count 44

### Deprivation Of Rights Under Color Of Law: Substantive Due Process & Equal Protection, 42 U.S.C 1983: Pro se Status - Right To A Record Of The Evidence Prepared By The Tribunal

540     Plaintiff reiterates paragraphs (1) through (539) as if fully reinstated herein for the forty-fourth cause of action against Defendant.

541     Denial of right to due process occurs when:  A party is denied the right to record of evidence prepared by the court.

542     Plaintiff reiterates ¶¶ 32, 44-47, 48-49 & 78, as if fully reinstated herein.

543     This condition is met, because Defendant allowed Tortfeasors to ignore

Plaintiff's demand for a Bill of Particulars, filed June 28, 2022.  Defendant then went on to deny Plaintiff's Order to Show Cause to compel Tortfeasors to comply with this demand.

544     This denied Plaintiff a record of the evidence prepared by the court in the case.

545     Plaintiff suffered a loss of the cost of the SA she paid for plus the cost of the additional services in the amount of $1,300.00 and reinstates ¶¶ 889 -905 as if fully reinstated herein.

### Count 45

Deprivation Of Rights Under Color Of Law: Substantive Due Process & Equal Protection, 42 U.S.C 1983: Pro se Status - Right To Written Findings Of The Facts And Reasons For The Decision

546     Plaintiff reiterates paragraphs (1) through (545) as if fully reinstated herein for the forty-fifth cause of action against Defendant.

547     Denial of right to due process occurs when:  A party is denied written findings of the facts and reasons for the decision.

548     Plaintiff reiterates ¶¶ 32, 44-47, 48-49 & 78, as if fully reinstated herein.

549     This condition is met, because Defendant allowed Tortfeasors to ignore Plaintiff's demand for a Bill of Particulars, filed June 28, 2022.  Defendant then went on to deny Plaintiff's Order to Show Cause to compel Tortfeasors to comply with this demand.

550     This denied Plaintiff the facts and reasons for the decision in the case.

551     Plaintiff suffered a loss of the cost of the SA she paid for plus the cost of the additional services in the amount of $1,300.00 and reinstates ¶¶ 889 -905 as if fully reinstated herein.

**STATE CHARGES**

Count 46

Deprivation Of Rights Under Color Of Law: 42 U.S.C. 1983,
New York State Const. Art. 1 § 6 - Unbiased Tribunal

552.    Plaintiff reiterates paragraphs (1) through (551) as if fully reinstated herein for the forty-sixth cause of action against Defendant.

553.    Denial of right to due process occurs when:

A party is denied an unbiased tribunal.

554.    This condition is met, because Defendant 's conduct caused a distinction between Plaintiff and Tortfeasors time and time again, such as denying Plaintiff discovery and granting it to Tortfeasors in spite of the court rules governing discovery.

555.    Defendant merely stated repeatedly that the motions "lacked merit."

556.    This was completely untrue, the motions were of substantial merit.

557.    Defendant stated in her Order, dated December 9, 2022, that Plaintiff's motion for summary judgment was granted only as to the third cause of action, breach of contract. But recognition of breach would facilitate recognition of all the other violations.

558.    Defendant ultimately granted Default, in her order she states that the firm Fashion District Dental did not in fact, ever respond to the complaint.

559.    Therefor Plaintiffs motions were, in fact, meritorious.

560.    As to the denial of the Order to Show Cause to quash oral examinations, Plaintiff was denied Opportunity to present reasons why the proposed action should not be taken.

561.    Plaintiff asserts Defendant denied her due process and stripped her of her property, among other reasons, due to Plaintiff's membership to certain classes and groups.

562.    Plaintiff suffered a loss of the cost of the SA she paid for plus the cost of the additional services in the amount of $1,300.00 and reinstates ¶¶ 889 -905 as if fully reinstated herein.


## Count 47

### Deprivation Of Rights Under Color Of Law: 42 U.S.C. 1983, New York State Const. Art. 1 § 6: Notice Of Proposed Action And The Grounds Asserted For It

563.    Plaintiff reiterates paragraphs (1) through (562) as if fully reinstated herein for the forty-seventh cause of action against Defendant.

564    Denial of right to due process by lack of notification for decisions occurs when: A party is denied notice of the proposed action and the grounds asserted for it.

565    This condition is met, because Defendant refused to submit notice upon Plaintiff's motions for summary judgment, for default, and for an Order to Show Cause to quash oral examination with legal arguments for her denial.

566    Defendant merely stated repeatedly that the motions "lacked merit."

567    This was completely untrue, the motions were of substantial merit.

568    Defendant stated in her Order, dated December 9, 2022, that Plaintiff's motion for summary judgment was granted only as to the third cause of action, breach of contract. But recognition of breach would facilitate recognition of all the other violations.

569.    Defendant ultimately granted Default, in her order she states that the firm Fashion District Dental did not in fact, ever respond to the complaint.

570    Therefor Plaintiffs motions were, in fact, meritorious.

571    As to the denial of the Order to Show Cause to quash oral examinations, Plaintiff was denied Opportunity to present reasons why the proposed action should not be taken.

572     This denied Plaintiff proper notification of decisions in the case.

573     Plaintiff suffered a loss of the cost of the SA she paid for plus the cost of the additional services in the amount of $1,300.00 and reinstates ¶¶ 889 -905 as if fully reinstated herein.

<br>

## Count 48

### Deprivation Of Rights Under Color Of Law: 42 U.S.C. 1983, New York State Const. Art. 1 § 6: - Right To Be Heard In Court

574     Plaintiff reiterates paragraphs (1) through (573) as if fully reinstated herein for the forty-eighth cause of action against Defendant.

575     Denial of right to due process occurs when:  A party is denied opportunity to be heard in court.

576     This condition is met, because Defendant ignored Plaintiff's request for an adjournment of Tortfeasors rejection of her reply papers to their cross-motion, which would have engaged summary judgment and default judgment as scheduled in open court.

577     Defendant, instead, invited all parties to an oral arguments meeting via zoom for August 2nd, 2022.

578     This denied Plaintiff the opportunity to be heard in court during the proceedings.

579     Plaintiff suffered a loss of the cost of the SA she paid for plus the cost of the additional services in the amount of $1,300.00 and reinstates ¶¶ 889 -905 as if fully reinstated herein.

Count 49

Deprivation Of Rights Under Color Of Law: 42 U.S.C. 1983, New York State Const.
Art. 1 § 6: - Right To Know Opposing Evidence

580     Plaintiff reiterates paragraphs (1) through (579) as if fully reinstated herein for

the forty-ninth cause of action against Defendant.

581     Denial of right to due process occurs when:  A party is denied the right to know

opposing evidence.

582     Plaintiff reiterates ¶¶ 44 -47, 78, as if fully reinstated herein.

583     This condition is met, because Defendant allowed Tortfeasors to ignore

Plaintiff's demand for a Bill of Particulars, filed June 28, 2022.  Defendant then went on to

deny Plaintiff's Order to Show Cause to compel Tortfeasors to comply with this demand.

584     This denied Plaintiff the opposing parties evidence in the case.

585     Additionally, Defendant allowed Tortfeasors to completely ignore their own

demand for oral examination of Plaintiff scheduled in July and October.  Plaintiff complied

with the demand and appeared in court but Tortfeasors simply never appeared.  During this

meeting Plaintiff would have secured opposing parties evidence as well.

586     Plaintiff suffered a loss of the cost of the SA she paid for plus the cost of the

additional services in the amount of $1,300.00 and reinstates ¶¶ 889 -905 as if fully

reinstated herein.

Count 50

Deprivation Of Rights Under Color Of Law: 42 U.S.C. 1983, New York State Const.
Art. 1 § 6: - Right To Cross Examine Adverse Witnesses

587     Plaintiff reiterates paragraphs (1) through (586) as if fully reinstated herein for

the fiftieth cause of action against Defendant.

588     Denial of right to due process occurs when:  A party is denied the right to cross-examine adverse witnesses.

589     Plaintiff reiterates ¶¶ 44 -47, 78, as if fully reinstated herein.

590     This condition is met, because Defendant allowed Tortfeasors to ignore Plaintiff's demand for a Bill of Particulars, filed June 28, 2022.  Defendant then went on to deny Plaintiff's Order to Show Cause to compel Tortfeasors to comply with this demand.

591     This denied Plaintiff the right to cross-examine adverse witnesses in the case.

592     Additionally, Defendant allowed Tortfeasors to completely ignore their own demand for oral examination of Plaintiff scheduled in July and October.  Plaintiff complied with the demand and appeared in court but Tortfeasors simply never appeared.  During this meeting Plaintiff would have secured opposing parties evidence as well.

Plaintiff suffered a loss of the cost of the SA she paid for plus the cost of the additional services in the amount of $1,300.00 and reinstates ¶¶ 889 -905 as if fully reinstated herein.

<u>Count 51</u>

<u>Deprivation Of Rights Under Color Of Law: 42 U.S.C. 1983, New York State Const. Art. 1 § 6: - Right To Present Evidence and Call Witnesses</u>

593     Plaintiff reiterates paragraphs (1) through (592) as if fully reinstated herein for the fifty-first cause of action against Defendant.

594     Denial of right to due process occurs when:  A party is denied the right to present evidence and call witnesses.

595     Plaintiff reiterates ¶¶ 44 -47, 78, as if fully reinstated herein.

This condition is met, because Defendant allowed Tortfeasors to ignore

Plaintiff's demand for a Bill of Particulars, filed June 28, 2022.  Defendant then went on to

deny Plaintiff's Order to Show Cause to compel Tortfeasors to comply with this demand.

596     This denied Plaintiff the right to call witnesses in the case.

597     Additionally, Defendant allowed Tortfeasors to completely ignore their own

demand for oral examination of Plaintiff scheduled in July and October.  Plaintiff complied

with the demand and appeared in court but Tortfeasors simply never appeared.  During this

meeting Plaintiff would have secured opposing parties evidence as well.

598     Plaintiff suffered a loss of the cost of the SA she paid for plus the cost of the

additional services in the amount of $1,300.00 and reinstates ¶¶ 889 -905 as if fully

reinstated herein.

### Count 52

### Deprivation Of Rights Under Color Of Law: 42 U.S.C. 1983, New York State Const. Art. 1 § 6: - Right To A Decision Based Exclusively On The Evidence Presented

599     Plaintiff reiterates paragraphs (1) through (598) as if fully reinstated herein for

the fifty-second cause of action against Defendant.

600     Denial of right to due process occurs when:  A party is denied the right to a

decision based solely on the evidence presented.

601     Plaintiff reiterates ¶¶ 32, 44-47, 48-49 & 78, as if fully reinstated herein.

602     This condition is met, because Defendant allowed Tortfeasors to ignore

Plaintiff's demand for a Bill of Particulars, filed June 28, 2022.  Defendant then went on to

deny Plaintiff's Order to Show Cause to compel Tortfeasors to comply with this demand.

603     This denied Plaintiff a decision based solely on the evidence in the case.

604     Plaintiff suffered a loss of the cost of the SA she paid for plus the cost of the

additional services in the amount of $1,300.00 and reinstates ¶¶ 889 -905 as if fully

reinstated herein.

## Count 53

### Deprivation Of Rights Under Color Of Law: 42 U.S.C. 1983, New York State Const. Art. 1 § 6: - Right To A Record Of The Evidence Prepared By The Tribunal

605     Plaintiff reiterates paragraphs (1) through (604) as if fully reinstated herein for

the fifty-third cause of action against Defendant.

606     Denial of right to due process occurs when:  A party is denied the right to record

of evidence prepared by the court.

607     Plaintiff reiterates ¶¶ 32, 44-47, 48-49 & 78, as if

fully reinstated herein.

608     This condition is met, because Defendant allowed Tortfeasors to ignore

Plaintiff's demand for a Bill of Particulars, filed June 28, 2022.  Defendant then went on to

deny Plaintiff's Order to Show Cause to compel Tortfeasors to comply with this demand.

609     This denied Plaintiff a record of the evidence prepared by the court in the

case.

610     Plaintiff suffered a loss of the cost of the SA she paid for plus the cost of the

additional services in the amount of $1,300.00 and reinstates ¶¶ 889 -905 as if fully

reinstated herein.

89

Count 54

Deprivation Of Rights Under Color Of Law: 42 U.S.C. 1983, New York State Const.
Art. 1 § 6: - Right To Written Findings Of The Facts And Reasons For The Decision

611     Plaintiff reiterates paragraphs (1) through (610) as if fully reinstated herein for the fifty-fourth cause of action against Defendant.

612     Denial of right to due process occurs when:  A party is denied written findings of the facts and reasons for the decision.

613     Plaintiff reiterates ¶¶ 32, 44-47, 48-49 & 78, as if fully reinstated herein.

614     This condition is met, because Defendant allowed Tortfeasors to ignore Plaintiff's demand for a Bill of Particulars, filed June 28, 2022.  Defendant then went on to deny Plaintiff's Order to Show Cause to compel Tortfeasors to comply with this demand.

615     This denied Plaintiff the facts and reasons for the decision in the case.

616     Plaintiff suffered a loss of the cost of the SA she paid for plus the cost of the additional services in the amount of $1,300.00 and reinstates ¶¶ 889 -905 as if fully reinstated herein.


DEPRIVATION OF RIGHTS DUE TO DISCRIMINATION

=RACE=

Count 55

Deprivation Of Rights Under Color Of Law: 42 U.S.C. 1983,
New York State Const. Art. 1 § 11: Race - Unbiased Tribunal

617.     Plaintiff reiterates paragraphs (1) through (616) as if fully reinstated herein for the fifty-fifth cause of action against Defendant.

618.     Denial of right to due process occurs when:

A party is denied an unbiased tribunal.

90

619.    This condition is met, because Defendant 's conduct caused a distinction between Plaintiff and Tortfeasors time and time again, such as denying Plaintiff discovery and granting it to Tortfeasors in spite of the court rules governing discovery.

620.    Defendant merely stated repeatedly that the motions "lacked merit."

621.    This was completely untrue, the motions were of substantial merit.

622.    Defendant stated in her Order, dated December 9, 2022, that Plaintiff's motion for summary judgment was granted only as to the third cause of action, breach of contract. But recognition of breach would facilitate recognition of all the other violations.

623.    Defendant ultimately granted Default, in her order she states that the firm Fashion District Dental did not in fact, ever respond to the complaint.

624.    Therefor Plaintiffs motions were, in fact, meritorious.

625.    As to the denial of the Order to Show Cause to quash oral examinations, Plaintiff was denied Opportunity to present reasons why the proposed action should not be taken.

626.    Plaintiff asserts Defendant denied her due process and stripped her of her property, among other reasons, due to Plaintiff's race.

627.    Plaintiff suffered a loss of the cost of the SA she paid for plus the cost of the additional services in the amount of $1,300.00 and reinstates ¶¶ 889 -905 as if fully reinstated herein.

Count 56

Deprivation Of Rights Under Color Of Law: 42 U.S.C. 1983, New York State Const. Art. 1 § 11: Race - Notice Of Proposed Action And The Grounds Asserted For It

628.    Plaintiff reiterates paragraphs (1) through (627) as if fully reinstated herein

for the fifty-sixth cause of action against Defendant.

629     Denial of right to due process by lack of notification for decisions occurs when: A party is denied notice of the proposed action and the grounds asserted for it.

630     This condition is met, because Defendant refused to submit notice upon Plaintiff's motions for summary judgment, for default, and for an Order to Show Cause to quash oral examination with legal arguments for her denial.

631     Defendant merely stated repeatedly that the motions "lacked merit."

632     This was completely untrue, the motions were of substantial merit.

633     Defendant stated in her Order, dated December 9, 2022, that Plaintiff's motion for summary judgment was granted only as to the third cause of action, breach of contract. But recognition of breach would facilitate recognition of all the other violations.

634.     Defendant ultimately granted Default, in her order she states that the firm Fashion District Dental did not in fact, ever respond to the complaint.

635     Therefor Plaintiffs motions were, in fact, meritorious.

636     As to the denial of the Order to Show Cause to quash oral examinations, Plaintiff was denied Opportunity to present reasons why the proposed action should not be taken.

637     This denied Plaintiff proper notification of decisions in the case.

638     Plaintiff suffered a loss of the cost of the SA she paid for plus the cost of the additional services in the amount of $1,300.00 and reinstates ¶¶ 889 -905 as if fully reinstated herein.

<u>Count 57</u>

<u>Deprivation Of Rights Under Color Of Law: 42 U.S.C. 1983, New York State Const.
Art. 1 § 11: Race - Right To Be Heard In Court</u>

639     Plaintiff reiterates paragraphs (1) through (638) as if fully reinstated herein

for the fifty-seventh cause of action against Defendant.

640     Denial of right to due process occurs when:  A party is denied opportunity to be

heard in court.

641     This condition is met, because Defendant ignored Plaintiff's request for an

adjournment of Tortfeasors rejection of her reply papers to their cross-motion, which would

have engaged summary judgment and default judgment as scheduled in open court.

642     Defendant, instead, invited all parties to an oral arguments meeting via zoom

for August 2nd, 2022.

643     This denied Plaintiff the opportunity to be heard in court during the

proceedings.

644     Plaintiff suffered a loss of the cost of the SA she paid for plus the cost of the

additional services in the amount of $1,300.00 and reinstates ¶¶ 889 -905 as if fully

reinstated herein.

<u>Count 58</u>

<u>Deprivation Of Rights Under Color Of Law: 42 U.S.C. 1983, New York State Const.
Art. 1 § 11: Race - Right To Know Opposing Evidence</u>

645     Plaintiff reiterates paragraphs (1) through (644) as if fully reinstated herein for

the fifty-eighth cause of action against Defendant.

646     Denial of right to due process occurs when:  A party is denied the right to know

opposing evidence.

647    Plaintiff reiterates ¶¶ 44 -47, 78, as if fully reinstated herein.

648    This condition is met, because Defendant allowed Tortfeasors to ignore Plaintiff's demand for a Bill of Particulars, filed June 28, 2022.  Defendant then went on to deny Plaintiff's Order to Show Cause to compel Tortfeasors to comply with this demand.

649    This denied Plaintiff the opposing parties evidence in the case.

650    Additionally, Defendant allowed Tortfeasors to completely ignore their own demand for oral examination of Plaintiff scheduled in July and October.  Plaintiff complied with the demand and appeared in court but Tortfeasors simply never appeared.  During this meeting Plaintiff would have secured opposing parties evidence as well.

651    Plaintiff suffered a loss of the cost of the SA she paid for plus the cost of the additional services in the amount of $1,300.00 and reinstates ¶¶ 889 -905 as if fully reinstated herein.

Count 59

Deprivation Of Rights Under Color Of Law: 42 U.S.C. 1983, New York State Const. Art. 1 § 11: Race - Right To Cross Examine Adverse Witnesses

652    Plaintiff reiterates paragraphs (1) through (651) as if fully reinstated herein for the fifty-ninth cause of action against Defendant.

653    Denial of right to due process occurs when:  A party is denied the right to cross-examine adverse witnesses.

654    Plaintiff reiterates ¶¶ 44 -47, 78, as if fully reinstated herein.

655    This condition is met, because Defendant allowed Tortfeasors to ignore

Plaintiff's demand for a Bill of Particulars, filed June 28, 2022.  Defendant then went on to

deny Plaintiff's Order to Show Cause to compel Tortfeasors to comply with this demand.

656     This denied Plaintiff the right to cross-examine adverse witnesses in the case.

657     Additionally, Defendant allowed Tortfeasors to completely ignore their own

demand for oral examination of Plaintiff scheduled in July and October.  Plaintiff complied

with the demand and appeared in court but Tortfeasors simply never appeared.  During this

meeting Plaintiff would have secured opposing parties evidence as well.

658     Plaintiff suffered a loss of the cost of the SA she paid for plus the cost of the

additional services in the amount of $1,300.00 and reinstates ¶¶ 889 -905 as if fully

reinstated herein.


Count 60

Deprivation Of Rights Under Color Of Law: 42 U.S.C. 1983, New York State Const.
Art. 1 § 11: Race - Right To Present Evidence and Call Witnesses

659     Plaintiff reiterates paragraphs (1) through (658) as if fully reinstated herein for

the sixtieth cause of action against Defendant.

660     Denial of right to due process occurs when:  A party is denied the right to present

evidence and call witnesses.

661     Plaintiff reiterates ¶¶ 44 -47, 78, as if fully reinstated herein.

This condition is met, because Defendant allowed Tortfeasors to ignore

Plaintiff's demand for a Bill of Particulars, filed June 28, 2022.  Defendant then went on to

deny Plaintiff's Order to Show Cause to compel Tortfeasors to comply with this demand.

662     This denied Plaintiff the right to call witnesses in the case.

663     Additionally, Defendant allowed Tortfeasors to completely ignore their own

demand for oral examination of Plaintiff scheduled in July and October.  Plaintiff complied with the demand and appeared in court but Tortfeasors simply never appeared.  During this meeting Plaintiff would have secured opposing parties evidence as well.

664     Plaintiff suffered a loss of the cost of the SA she paid for plus the cost of the additional services in the amount of $1,300.00 and reinstates ¶¶ 889 -905 as if fully reinstated herein.

Count 61

Deprivation Of Rights Under Color Of Law: 42 U.S.C. 1983, New York State Const. Art. 1 § 11: Race - Right To A Decision Based Exclusively On The Evidence Presented

665     Plaintiff reiterates paragraphs (1) through (664) as if fully reinstated herein for the sixty-first cause of action against Defendant.

666     Denial of right to due process occurs when:  A party is denied the right to a decision based solely on the evidence presented.

667     Plaintiff reiterates ¶¶ 32, 44-47, 48-49 & 78, as if fully reinstated herein.

668     This condition is met, because Defendant allowed Tortfeasors to ignore Plaintiff's demand for a Bill of Particulars, filed June 28, 2022.  Defendant then went on to deny Plaintiff's Order to Show Cause to compel Tortfeasors to comply with this demand.

669     This denied Plaintiff a decision based solely on the evidence in the case.

670     Plaintiff suffered a loss of the cost of the SA she paid for plus the cost of the additional services in the amount of $1,300.00 and reinstates ¶¶ 889 -905 as if fully reinstated herein.

Count 62

Deprivation Of Rights Under Color Of Law: 42 U.S.C. 1983, New York State Const.
Art. 1 § 11: Race - Right To A Record Of The Evidence Prepared By The Tribunal

671     Plaintiff reiterates paragraphs (1) through (670) as if fully reinstated herein for the sixty-second cause of action against Defendant.

672     Denial of right to due process occurs when:  A party is denied the right to record of evidence prepared by the court.

673     Plaintiff reiterates ¶¶ 32, 44-47, 48-49 & 78, as if fully reinstated herein.

674     This condition is met, because Defendant allowed Tortfeasors to ignore Plaintiff's demand for a Bill of Particulars, filed June 28, 2022.  Defendant then went on to deny Plaintiff's Order to Show Cause to compel Tortfeasors to comply with this demand.

675     This denied Plaintiff a record of the evidence prepared by the court in the case.

676     Plaintiff suffered a loss of the cost of the SA she paid for plus the cost of the additional services in the amount of $1,300.00 and reinstates ¶¶ 889 -905 as if fully reinstated herein.

Count 63

Deprivation Of Rights Under Color Of Law: 42 U.S.C. 1983, New York State Const.
Art. 1 § 11: Race - Right To Written Findings Of The Facts And Reasons For The Decision

677     Plaintiff reiterates paragraphs (1) through (676) as if fully reinstated herein for the sixty-third cause of action against Defendant.

678     Denial of right to due process occurs when:  A party is denied written findings of the facts and reasons for the decision.

97

679     Plaintiff reiterates ¶¶ 32, 44-47, 48-49 & 78, as if fully reinstated herein.

680     This condition is met, because Defendant allowed Tortfeasors to ignore

Plaintiff's demand for a Bill of Particulars, filed June 28, 2022.  Defendant then went on to

deny Plaintiff's Order to Show Cause to compel Tortfeasors to comply with this demand.

681     This denied Plaintiff the facts and reasons for the decision in the case.

682     Plaintiff suffered a loss of the cost of the SA she paid for plus the cost of the

additional services in the amount of $1,300.00 and reinstates ¶¶ 889 -905 as if fully

reinstated herein.

=CLASS or SOCIOECONOMIC STATUS=

Count 64

Deprivation Of Rights Under Color Of Law: 42 U.S.C. 1983, New York State Const.
Art. 1 § 11: Socio-economic Status - Right to Unbiased Tribunal

683.    Plaintiff reiterates paragraphs (1) through (682) as if fully reinstated herein

for the sixty-fourth cause of action against Defendant.

684.    Denial of right to due process occurs when:

A party is denied an unbiased tribunal.

685.    This condition is met, because Defendant 's conduct caused a distinction

between Plaintiff and Tortfeasors time and time again, such as denying Plaintiff discovery

and granting it to Tortfeasors in spite of the court rules governing discovery.

686.    Defendant merely stated repeatedly that the motions "lacked merit."

687.    This was completely untrue, the motions were of substantial merit.

688.    Defendant stated in her Order, dated December 9, 2022, that Plaintiff's

motion for summary judgment was granted only as to the third cause of action, breach of

contract. But recognition of breach would facilitate recognition of all the other violations.

689.    Defendant ultimately granted Default, in her order she states that the firm

Fashion District Dental did not in fact, ever respond to the complaint.

690.    Therefor Plaintiffs motions were, in fact, meritorious.

691.    As to the denial of the Order to Show Cause to quash oral examinations,

Plaintiff was denied Opportunity to present reasons why the proposed action should not be

taken.

692.    Plaintiff asserts Defendant denied her due process and stripped her of her

property, among other reasons, due to Plaintiff's low economic status and her inclusion in

an underprivileged class.

693.    Plaintiff suffered a loss of the cost of the SA she paid for plus the cost of the

additional services in the amount of $1,300.00 and reinstates ¶¶ 889 -905 as if fully

reinstated herein.



Count 65

Deprivation Of Rights Under Color Of Law: 42 U.S.C. 1983, New York State Const.
Art. 1 § 11: Socio-economic Status - Right To Notice Of The Proposed
Action And Grounds Asserted For It

694.    Plaintiff reiterates paragraphs (1) through (693) as if fully reinstated herein

for the sixty-fifth cause of action against Defendant.

695.    Denial of right to due process by lack of notification for decisions occurs when:

A party is denied notice of the proposed action and the grounds asserted for it.

696.    This condition is met, because Defendant refused to submit notice upon

Plaintiff's motions for summary judgment, for default, and for an Order to Show Cause to quash oral examination with legal arguments for her denial.

697.   Defendant merely stated repeatedly that the motions "lacked merit."

698   This was completely untrue, the motions were of substantial merit.

699   Defendant stated in her Order, dated December 9, 2022, that Plaintiff's motion for summary judgment was granted only as to the third cause of action, breach of contract. But recognition of breach would facilitate recognition of all the other violations.

700.   Defendant ultimately granted Default, in her order she states that the firm Fashion District Dental did not in fact, ever respond to the complaint.

701   Therefor Plaintiffs motions were, in fact, meritorious.

702   As to the denial of the Order to Show Cause to quash oral examinations, Plaintiff was denied Opportunity to present reasons why the proposed action should not be taken.

703   This denied Plaintiff proper notification of decisions in the case.

704   Plaintiff suffered a loss of the cost of the SA she paid for plus the cost of the additional services in the amount of $1,300.00 and reinstates ¶¶ 889 -905 as if fully reinstated herein.

Count 66

Deprivation Of Rights Under Color Of Law: 42 U.S.C. 1983, New York State Const. Art. 1 § 11: Socio-economic Status- Right To Be Heard In Court

705   Plaintiff reiterates paragraphs (1) through (704) as if fully reinstated herein for the sixty-sixth cause of action against Defendant.

706   Denial of right to due process occurs when:  A party is denied opportunity to be

heard in court.

707     This condition is met, because Defendant ignored Plaintiff's request for an adjournment of Tortfeasors rejection of her reply papers to their cross-motion, which would have engaged summary judgment and default judgment as scheduled in open court.

708     Defendant, instead, invited all parties to an oral arguments meeting via zoom for August 2nd, 2022.

709     This denied Plaintiff the opportunity to be heard in court during the proceedings.

710     Plaintiff suffered a loss of the cost of the SA she paid for plus the cost of the additional services in the amount of $1,300.00 and reinstates ¶¶ 889 -905 as if fully reinstated herein.

Count 67

Deprivation Of Rights Under Color Of Law: 42 U.S.C. 1983, New York State Const.
Art. 1 § 11: Socio-economic Status- Right To Know Opposing Evidence

711     Plaintiff reiterates paragraphs (1) through (710) as if fully reinstated herein for the sixty-seventh cause of action against Defendant.

712     Denial of right to due process occurs when:  A party is denied the right to know opposing evidence.

713     Plaintiff reiterates ¶¶ 44 -47, 78, as if fully reinstated herein.

714     This condition is met, because Defendant allowed Tortfeasors to ignore Plaintiff's demand for a Bill of Particulars, filed June 28, 2022.  Defendant then went on to deny Plaintiff's Order to Show Cause to compel Tortfeasors to comply with this demand.

715     This denied Plaintiff the opposing parties evidence in the case.

716     Additionally, Defendant allowed Tortfeasors to completely ignore their own demand for oral examination of Plaintiff scheduled in July and October.  Plaintiff complied with the demand and appeared in court but Tortfeasors simply never appeared.  During this meeting Plaintiff would have secured opposing parties evidence as well.

717     Plaintiff suffered a loss of the cost of the SA she paid for plus the cost of the additional services in the amount of $1,300.00 and reinstates ¶¶ 889 -905 as if fully reinstated herein.

Count 68

Deprivation Of Rights Under Color Of Law: 42 U.S.C. 1983, New York State Const.
Art. 1 § 11: Socio-economic Status- Right To Cross Examine Adverse Witnesses

718     Plaintiff reiterates paragraphs (1) through (717) as if fully reinstated herein for the sixty-eighth cause of action against Defendant.

719     Denial of right to due process occurs when:  A party is denied the right to cross-examine adverse witnesses.

720     Plaintiff reiterates ¶¶ 44 -47, 78, as if fully reinstated herein.

721     This condition is met, because Defendant allowed Tortfeasors to ignore Plaintiff's demand for a Bill of Particulars, filed June 28, 2022.  Defendant then went on to deny Plaintiff's Order to Show Cause to compel Tortfeasors to comply with this demand.

722     This denied Plaintiff the right to cross-examine adverse witnesses in the case.

723     Additionally, Defendant allowed Tortfeasors to completely ignore their own demand for oral examination of Plaintiff scheduled in July and October.  Plaintiff complied with the demand and appeared in court but Tortfeasors simply never appeared.  During this meeting Plaintiff would have secured opposing parties evidence as well.

Plaintiff suffered a loss of the cost of the SA she paid for plus the cost of the additional services in the amount of $1,300.00 and reinstates ¶¶ 889 -905 as if fully reinstated herein.

### Count 69

### Deprivation Of Rights Under Color Of Law: 42 U.S.C. 1983, New York State Const. Art. 1 § 11: Socio-economic Status- Right To Present Evidence and Call Witnesses

724     Plaintiff reiterates paragraphs (1) through (723) as if fully reinstated herein for the sixty-ninth cause of action against Defendant.

725     Denial of right to due process occurs when:  A party is denied the right to present evidence and call witnesses.

726     Plaintiff reiterates ¶¶ 44 -47, 78, as if fully reinstated herein.

This condition is met, because Defendant allowed Tortfeasors to ignore

Plaintiff's demand for a Bill of Particulars, filed June 28, 2022.  Defendant then went on to deny Plaintiff's Order to Show Cause to compel Tortfeasors to comply with this demand.

727     This denied Plaintiff the right to call witnesses in the case.

728     Additionally, Defendant allowed Tortfeasors to completely ignore their own demand for oral examination of Plaintiff scheduled in July and October.  Plaintiff complied with the demand and appeared in court but Tortfeasors simply never appeared.  During this meeting Plaintiff would have secured opposing parties evidence as well.

729     Plaintiff suffered a loss of the cost of the SA she paid for plus the cost of the additional services in the amount of $1,300.00 and reinstates ¶¶ 889 -905 as if fully reinstated herein.

<u>Count 70</u>

<u>Deprivation Of Rights Under Color Of Law: 42 U.S.C. 1983, New York State Const.</u>
<u>Art. 1 § 11: Socio-economic Status- Right To A Decision</u>
<u>Based Exclusively On The Evidence Presented</u>

730     Plaintiff reiterates paragraphs (1) through (729) as if fully reinstated herein for

the seventieth cause of action against Defendant.

731     Denial of right to due process occurs when:  A party is denied the right to a

decision based solely on the evidence presented.

732     Plaintiff reiterates ¶¶ 32, 44-47, 48-49 & 78, as if fully reinstated herein.

733     This condition is met, because Defendant allowed Tortfeasors to ignore

Plaintiff's demand for a Bill of Particulars, filed June 28, 2022.  Defendant then went on to

deny Plaintiff's Order to Show Cause to compel Tortfeasors to comply with this demand.

734     This denied Plaintiff a decision based solely on the evidence in the case.

735     Plaintiff suffered a loss of the cost of the SA she paid for plus the cost of the

additional services in the amount of $1,300.00 and reinstates ¶¶ 889 -905 as if fully

reinstated herein.

<u>Count 71</u>

<u>Deprivation Of Rights Under Color Of Law: 42 U.S.C. 1983, New York State Const.</u>
<u>Art. 1 § 11: Socio-economic Status- Right To A Record Of The</u>
<u>Evidence prepared By The Tribunal</u>

736     Plaintiff reiterates paragraphs (1) through (735) as if fully reinstated herein for

the seventy-first cause of action against Defendant.

737     Denial of right to due process occurs when:  A party is denied the right to record

of evidence prepared by the court.

738     Plaintiff reiterates ¶¶ 32, 44-47, 48-49 & 78, as if

fully reinstated herein.

739     This condition is met, because Defendant allowed Tortfeasors to ignore

Plaintiff's demand for a Bill of Particulars, filed June 28, 2022.  Defendant then went on to

deny Plaintiff's Order to Show Cause to compel Tortfeasors to comply with this demand.

740     This denied Plaintiff a record of the evidence prepared by the court in the

case.

741     Plaintiff suffered a loss of the cost of the SA she paid for plus the cost of the

additional services in the amount of $1,300.00 and reinstates ¶¶ 889 -905 as if fully

reinstated herein.


Count 72

Deprivation Of Rights Under Color Of Law: 42 U.S.C. 1983, New York State Const.
Art. 1 § 11: Socio-economic Status- Right To Written Findings Of
The Facts And Reasons For The Decision

742     Plaintiff reiterates paragraphs (1) through (741) as if fully reinstated herein for

the seventy-second cause of action against Defendant.

743     Denial of right to due process occurs when:  A party is denied written findings of

the facts and reasons for the decision.

744     Plaintiff reiterates ¶¶ 32, 44-47, 48-49 & 78, as if fully reinstated herein.

745     This condition is met, because Defendant allowed Tortfeasors to ignore

Plaintiff's demand for a Bill of Particulars, filed June 28, 2022.  Defendant then went on to

deny Plaintiff's Order to Show Cause to compel Tortfeasors to comply with this demand.

746     This denied Plaintiff the facts and reasons for the decision in the case.

747    Plaintiff suffered a loss of the cost of the SA she paid for plus the cost of the additional services in the amount of $1,300.00 and reinstates ¶¶ 889 -905 as if fully reinstated herein.

=GENDER=

Count 73

Deprivation Of Rights Under Color Of Law: 42 U.S.C. 1983, New York State Const. Art. 1 § 11: Gender- Right to Unbiased Tribunal

748.    Plaintiff reiterates paragraphs (1) through (747) as if fully reinstated herein for the seventy-third cause of action against Defendant.

749.    Denial of right to due process occurs when:

A party is denied an unbiased tribunal.

750.    This condition is met, because Defendant 's conduct caused a distinction between Plaintiff and Tortfeasors time and time again, such as denying Plaintiff discovery and granting it to Tortfeasors in spite of the court rules governing discovery.

751.    Defendant merely stated repeatedly that the motions "lacked merit."

752.    This was completely untrue, the motions were of substantial merit.

753.    Defendant stated in her Order, dated December 9, 2022, that Plaintiff's motion for summary judgment was granted only as to the third cause of action, breach of contract. But recognition of breach would facilitate recognition of all the other violations.

754.    Defendant ultimately granted Default, in her order she states that the firm Fashion District Dental did not in fact, ever respond to the complaint.

755.    Therefor Plaintiffs motions were, in fact, meritorious.

756.     As to the denial of the Order to Show Cause to quash oral examinations, Plaintiff was denied Opportunity to present reasons why the proposed action should not be taken.

757.     Plaintiff asserts Defendant denied her due process and stripped her of her property, among other reasons, due to Plaintiff's gender.

758.     Plaintiff suffered a loss of the cost of the SA she paid for plus the cost of the additional services in the amount of $1,300.00 and reinstates ¶¶ 889 -905 as if fully reinstated herein.

Count 74

Deprivation Of Rights Under Color Of Law: 42 U.S.C. 1983, New York State Const. Art. 1 § 11: Gender - Right To Notice Of The Proposed Action

759.     Plaintiff reiterates paragraphs (1) through (758) as if fully reinstated herein for the seventy-fourth cause of action against Defendant.

760     Denial of right to due process by lack of notification for decisions occurs when: A party is denied notice of the proposed action and the grounds asserted for it.

761     This condition is met, because Defendant refused to submit notice upon Plaintiff's motions for summary judgment, for default, and for an Order to Show Cause to quash oral examination with legal arguments for her denial.

762     Defendant merely stated repeatedly that the motions "lacked merit."

763     This was completely untrue, the motions were of substantial merit.

764     Defendant stated in her Order, dated December 9, 2022, that Plaintiff's motion for summary judgment was granted only as to the third cause of action, breach of contract. But recognition of breach would facilitate recognition of all the other violations.

765.    Defendant ultimately granted Default, in her order she states that the firm Fashion District Dental did not in fact, ever respond to the complaint.

766    Therefor Plaintiffs motions were, in fact, meritorious.

767    As to the denial of the Order to Show Cause to quash oral examinations, Plaintiff was denied Opportunity to present reasons why the proposed action should not be taken.

768    This denied Plaintiff proper notification of decisions in the case.

769    Plaintiff suffered a loss of the cost of the SA she paid for plus the cost of the additional services in the amount of $1,300.00 and reinstates ¶¶ 889 -905 as if fully reinstated herein.


Count 75

Deprivation Of Rights Under Color Of Law: 42 U.S.C. 1983, New York State Const.
Art. 1 § 11: Gender - Right To Be Heard In Court

770    Plaintiff reiterates paragraphs (1) through (769) as if fully reinstated herein for the seventy-fifth cause of action against Defendant.

771    Denial of right to due process occurs when:  A party is denied opportunity to be heard in court.

772    This condition is met, because Defendant ignored Plaintiff's request for an adjournment of Tortfeasors rejection of her reply papers to their cross-motion, which would have engaged summary judgment and default judgment as scheduled in open court.

773    Defendant, instead, invited all parties to an oral arguments meeting via zoom for August 2nd, 2022.

774    This denied Plaintiff the opportunity to be heard in court during the

proceedings.

775    Plaintiff suffered a loss of the cost of the SA she paid for plus the cost of the additional services in the amount of $1,300.00 and reinstates ¶¶ 889 -905 as if fully reinstated herein.

Count 76

Deprivation Of Rights Under Color Of Law: 42 U.S.C. 1983, New York State Const. Art. 1 § 11: Gender - Right To Know Opposing Evidence

776    Plaintiff reiterates paragraphs (1) through (775) as if fully reinstated herein for the seventy-sixth cause of action against Defendant.

777    Denial of right to due process occurs when:  A party is denied the right to know opposing evidence.

778    Plaintiff reiterates ¶¶ 44 -47, 78, as if fully reinstated herein.

779    This condition is met, because Defendant allowed Tortfeasors to ignore Plaintiff's demand for a Bill of Particulars, filed June 28, 2022.  Defendant then went on to deny Plaintiff's Order to Show Cause to compel Tortfeasors to comply with this demand.

780    This denied Plaintiff the opposing parties evidence in the case.

781    Additionally, Defendant allowed Tortfeasors to completely ignore their own demand for oral examination of Plaintiff scheduled in July and October.  Plaintiff complied with the demand and appeared in court but Tortfeasors simply never appeared.  During this meeting Plaintiff would have secured opposing parties evidence as well.

782    Plaintiff suffered a loss of the cost of the SA she paid for plus the cost of the additional services in the amount of $1,300.00 and reinstates ¶¶ 889 -905 as if fully reinstated herein.

Count 77

Deprivation Of Rights Under Color Of Law: 42 U.S.C. 1983, New York State Const.
Art. 1 § 11: Gender - Right To Cross Examine Adverse Witnesses

783     Plaintiff reiterates paragraphs (1) through (782) as if fully reinstated herein for the seventy-seventh cause of action against Defendant.

784     Denial of right to due process occurs when:  A party is denied the right to cross-examine adverse witnesses.

785     Plaintiff reiterates ¶¶ 44 -47, 78, as if fully reinstated herein.

786     This condition is met, because Defendant allowed Tortfeasors to ignore Plaintiff's demand for a Bill of Particulars, filed June 28, 2022.  Defendant then went on to deny Plaintiff's Order to Show Cause to compel Tortfeasors to comply with this demand.

787     This denied Plaintiff the right to cross-examine adverse witnesses in the case.

788     Additionally, Defendant allowed Tortfeasors to completely ignore their own demand for oral examination of Plaintiff scheduled in July and October.

789.    Plaintiff complied with the demand and appeared in court but Tortfeasors simply never appeared.  During this meeting Plaintiff would have secured opposing parties evidence as well.

790.    Plaintiff suffered a loss of the cost of the SA she paid for plus the cost of the additional services in the amount of $1,300.00 and reinstates ¶¶ 889 -905 as if fully reinstated herein.

Count 78

Deprivation Of Rights Under Color Of Law: 42 U.S.C. 1983, New York State Const.
Art. 1 § 11: Gender - Right To Present Evidence and Call Witnesses

791     Plaintiff reiterates paragraphs (1) through (790) as if fully reinstated herein for

the seventy-eighth cause of action against Defendant.

792    Denial of right to due process occurs when:  A party is denied the right to present evidence and call witnesses.

793    Plaintiff reiterates ¶¶ 44 -47, 78, as if fully reinstated herein. This condition is met, because Defendant allowed Tortfeasors to ignore Plaintiff's demand for a Bill of Particulars, filed June 28, 2022.  Defendant then went on to deny Plaintiff's Order to Show Cause to compel Tortfeasors to comply with this demand.

794    This denied Plaintiff the right to call witnesses in the case.

795    Additionally, Defendant allowed Tortfeasors to completely ignore their own demand for oral examination of Plaintiff scheduled in July and October.  Plaintiff complied with the demand and appeared in court but Tortfeasors simply never appeared.  During this meeting Plaintiff would have secured opposing parties evidence as well.

796    Plaintiff suffered a loss of the cost of the SA she paid for plus the cost of the additional services in the amount of $1,300.00 and reinstates ¶¶ 889 -905 as if fully reinstated herein.


Count 79

Deprivation Of Rights Under Color Of Law: 42 U.S.C. 1983, New York State Const. Art. 1 § 11: Gender - Right To A Decision Based Exclusively On The Evidence Presented

797    Plaintiff reiterates paragraphs (1) through (796) as if fully reinstated herein for the seventy-ninth cause of action against Defendant.

798    Denial of right to due process occurs when:  A party is denied the right to a decision based solely on the evidence presented.

799    Plaintiff reiterates ¶¶ 32, 44-47, 48-49 & 78, as if fully reinstated herein.

800     This condition is met, because Defendant allowed Tortfeasors to ignore Plaintiff's demand for a Bill of Particulars, filed June 28, 2022.  Defendant then went on to deny Plaintiff's Order to Show Cause to compel Tortfeasors to comply with this demand.

801     This denied Plaintiff a decision based solely on the evidence in the case.

802     Plaintiff suffered a loss of the cost of the SA she paid for plus the cost of the additional services in the amount of $1,300.00 and reinstates ¶¶ 889 -905 as if fully reinstated herein.

Count 80

Deprivation Of Rights Under Color Of Law: 42 U.S.C. 1983, New York State Const. Art. 1 § 11: Gender - Right To A Record Of The Evidence prepared By The Tribunal

803     Plaintiff reiterates paragraphs (1) through (802) as if fully reinstated herein for the eightieth cause of action against Defendant.

804     Denial of right to due process occurs when:  A party is denied the right to record of evidence prepared by the court.

805     Plaintiff reiterates ¶¶ 32, 44-47, 48-49 & 78, as if fully reinstated herein.

806     This condition is met, because Defendant allowed Tortfeasors to ignore Plaintiff's demand for a Bill of Particulars, filed June 28, 2022.  Defendant then went on to deny Plaintiff's Order to Show Cause to compel Tortfeasors to comply with this demand.

807     This denied Plaintiff a record of the evidence prepared by the court in the case.

808    Plaintiff suffered a loss of the cost of the SA she paid for plus the cost of the additional services in the amount of $1,300.00 and reinstates ¶¶ 889 -905 as if fully reinstated herein.

<u>Count 81</u>

<u>Deprivation Of Rights Under Color Of Law: 42 U.S.C. 1983, New York State Const. Art. 1 § 11: Gender - Right To Written Findings Of The Facts And Reasons For The Decision</u>

809    Plaintiff reiterates paragraphs (1) through (808) as if fully reinstated herein for the eighty-first cause of action against Defendant.

810    Denial of right to due process occurs when:  A party is denied written findings of the facts and reasons for the decision.

811    Plaintiff reiterates ¶¶ 32, 44-47, 48-49 & 78, as if fully reinstated herein.

812    This condition is met, because Defendant allowed Tortfeasors to ignore Plaintiff's demand for a Bill of Particulars, filed June 28, 2022.  Defendant then went on to deny Plaintiff's Order to Show Cause to compel Tortfeasors to comply with this demand.

813    This denied Plaintiff the facts and reasons for the decision in the case.

814    Plaintiff suffered a loss of the cost of the SA she paid for plus the cost of the additional services in the amount of $1,300.00 and reinstates ¶¶ 889 -905 as if fully reinstated herein.

=PRO SE STATUS=

Count 82

Deprivation Of Rights Under Color Of Law: 42 U.S.C. 1983, New York State Const.
Art. 1 § 11: Pro Se Status - Right to Unbiased Tribunal

815.     Plaintiff reiterates paragraphs (1) through (814) as if fully reinstated herein

for the eighty-second cause of action against Defendant.

816.     Denial of right to due process occurs when:

A party is denied an unbiased tribunal.

817.     This condition is met, because Defendant 's conduct caused a distinction

between Plaintiff and Tortfeasors time and time again, such as denying Plaintiff discovery

and granting it to Tortfeasors in spite of the court rules governing discovery.

818.     Defendant merely stated repeatedly that the motions "lacked merit."

819.     This was completely untrue, the motions were of substantial merit.

820.     Defendant stated in her Order, dated December 9, 2022, that Plaintiff's

motion for summary judgment was granted only as to the third cause of action, breach of

contract. But recognition of breach would facilitate recognition of all the other violations.

821.     Defendant ultimately granted Default, in her order she states that the firm

Fashion District Dental did not in fact, ever respond to the complaint.

822.     Therefor Plaintiffs motions were, in fact, meritorious.

823.     As to the denial of the Order to Show Cause to quash oral examinations,

Plaintiff was denied Opportunity to present reasons why the proposed action should not be

taken.

824.     Plaintiff asserts Defendant denied her due process and stripped her of her

property, among other reasons, due to Plaintiff's Pro se status.

114

825.    Plaintiff suffered a loss of the cost of the SA she paid for plus the cost of the additional services in the amount of $1,300.00 and reinstates ¶¶ 889 -905 as if fully reinstated herein.

### Count 83

### Deprivation Of Rights Under Color Of Law: 42 U.S.C. 1983, New York State Const. Art. 1 § 11: Pro Se Status - Right To Notice Of The Proposed Action

826.    Plaintiff reiterates paragraphs (1) through (825) as if fully reinstated herein for the eighty-third cause of action against Defendant.

827    Denial of right to due process by lack of notification for decisions occurs when: A party is denied notice of the proposed action and the grounds asserted for it.

828    This condition is met, because Defendant refused to submit notice upon Plaintiff's motions for summary judgment, for default, and for an Order to Show Cause to quash oral examination with legal arguments for her denial.

829    Defendant merely stated repeatedly that the motions "lacked merit."

830    This was completely untrue, the motions were of substantial merit.

831    Defendant stated in her Order, dated December 9, 2022, that Plaintiff's motion for summary judgment was granted only as to the third cause of action, breach of contract. But recognition of breach would facilitate recognition of all the other violations.

832.    Defendant ultimately granted Default, in her order she states that the firm Fashion District Dental did not in fact, ever respond to the complaint.

833    Therefor Plaintiffs motions were, in fact, meritorious.

834    As to the denial of the Order to Show Cause to quash oral examinations,

Plaintiff was denied Opportunity to present reasons why the proposed action should not be taken.

835     This denied Plaintiff proper notification of decisions in the case.

836     Plaintiff suffered a loss of the cost of the SA she paid for plus the cost of the additional services in the amount of $1,300.00 and reinstates ¶¶ 889 -905 as if fully reinstated herein.

Count 84

Deprivation Of Rights Under Color Of Law: 42 U.S.C. 1983, New York State Const. Art. 1 § 11: Pro Se Status - Right To Be Heard In Court

837     Plaintiff reiterates paragraphs (1) through (836) as if fully reinstated herein for the eighty-fourth cause of action against Defendant.

838     Denial of right to due process occurs when:  A party is denied opportunity to be heard in court.

839     This condition is met, because Defendant ignored Plaintiff's request for an adjournment of Tortfeasors rejection of her reply papers to their cross-motion, which would have engaged summary judgment and default judgment as scheduled in open court.

840     Defendant, instead, invited all parties to an oral arguments meeting via zoom for August 2nd, 2022.

841     This denied Plaintiff the opportunity to be heard in court during the proceedings.

842     Plaintiff suffered a loss of the cost of the SA she paid for plus the cost of the additional services in the amount of $1,300.00 and reinstates ¶¶ 889 -905 as if fully reinstated herein.

<u>Count 85</u>

<u>Deprivation Of Rights Under Color Of Law: 42 U.S.C. 1983, New York State Const.
Art. 1 § 11: Pro Se Status - Right To Know Opposing Evidence</u>

843     Plaintiff reiterates paragraphs (1) through (842) as if fully reinstated herein for the eighty-fifth cause of action against Defendant.

844     Denial of right to due process occurs when:  A party is denied the right to know opposing evidence.

845     Plaintiff reiterates ¶¶ 44 -47, 78, as if fully reinstated herein.

846     This condition is met, because Defendant allowed Tortfeasors to ignore Plaintiff's demand for a Bill of Particulars, filed June 28, 2022.  Defendant then went on to deny Plaintiff's Order to Show Cause to compel Tortfeasors to comply with this demand.

847     This denied Plaintiff the opposing parties evidence in the case.

848     Additionally, Defendant allowed Tortfeasors to completely ignore their own demand for oral examination of Plaintiff scheduled in July and October.  Plaintiff complied with the demand and appeared in court but Tortfeasors simply never appeared.  During this meeting Plaintiff would have secured opposing parties evidence as well.

849     Plaintiff suffered a loss of the cost of the SA she paid for plus the cost of the additional services in the amount of $1,300.00 and reinstates ¶¶ 889 -905 as if fully reinstated herein.


<u>Count 86</u>

<u>Deprivation Of Rights Under Color Of Law: 42 U.S.C. 1983, New York State Const.
Art. 1 § 11: Pro Se Status - Right To Cross Examine Adverse Witnesses</u>

850     Plaintiff reiterates paragraphs (1) through (849) as if fully reinstated herein for

the eighty-sixth cause of action against Defendant.

851     Denial of right to due process occurs when:  A party is denied the right to cross-examine adverse witnesses.

852     Plaintiff reiterates ¶¶ 44 -47, 78, as if fully reinstated herein.

853     This condition is met, because Defendant allowed Tortfeasors to ignore Plaintiff's demand for a Bill of Particulars, filed June 28, 2022.  Defendant then went on to deny Plaintiff's Order to Show Cause to compel Tortfeasors to comply with this demand.

854     This denied Plaintiff the right to cross-examine adverse witnesses in the case.

855     Additionally, Defendant allowed Tortfeasors to completely ignore their own demand for oral examination of Plaintiff scheduled in July and October.  Plaintiff complied with the demand and appeared in court but Tortfeasors simply never appeared.  During this meeting Plaintiff would have secured opposing parties evidence as well.

856     Plaintiff suffered a loss of the cost of the SA she paid for plus the cost of the additional services in the amount of $1,300.00 and reinstates ¶¶ 889 -905 as if fully reinstated herein.

### Count 87

Deprivation Of Rights Under Color Of Law: 42 U.S.C. 1983, New York State Const.
Art. 1 § 11: Pro Se Status - Right To Present Evidence and Call Witnesses

857     Plaintiff reiterates paragraphs (1) through (856) as if fully reinstated herein for the eighty-seventh cause of action against Defendant.

858     Denial of right to due process occurs when:  A party is denied the right to present evidence and call witnesses.

118

859     Plaintiff reiterates ¶¶ 44 -47, 78, as if fully reinstated herein.
This condition is met, because Defendant allowed Tortfeasors to ignore
Plaintiff's demand for a Bill of Particulars, filed June 28, 2022.  Defendant then went on to
deny Plaintiff's Order to Show Cause to compel Tortfeasors to comply with this demand.

860     This denied Plaintiff the right to call witnesses in the case.

861     Additionally, Defendant allowed Tortfeasors to completely ignore their own
demand for oral examination of Plaintiff scheduled in July and October.  Plaintiff complied
with the demand and appeared in court but Tortfeasors simply never appeared.  During this
meeting Plaintiff would have secured opposing parties evidence as well.

862     Plaintiff suffered a loss of the cost of the SA she paid for plus the cost of the
additional services in the amount of $1,300.00 and reinstates ¶¶ 889 -905 as if fully
reinstated herein.

Count 88

Deprivation Of Rights Under Color Of Law: 42 U.S.C. 1983, New York State Const.
Art. 1 § 11: Pro Se Status - Right To A Decision
Based Exclusively On The Evidence Presented

863     Plaintiff reiterates paragraphs (1) through (862) as if fully reinstated herein for
the eighty-eighth cause of action against Defendant.

864     Denial of right to due process occurs when:  A party is denied the right to a
decision based solely on the evidence presented.

865     Plaintiff reiterates ¶¶ 32, 44-47, 48-49 & 78, as if fully reinstated herein.

866     This condition is met, because Defendant allowed Tortfeasors to ignore

Plaintiff's demand for a Bill of Particulars, filed June 28, 2022. Defendant then went on to deny Plaintiff's Order to Show Cause to compel Tortfeasors to comply with this demand.

867     This denied Plaintiff a decision based solely on the evidence in the case.

868     Plaintiff suffered a loss of the cost of the SA she paid for plus the cost of the additional services in the amount of $1,300.00 and reinstates ¶¶ 889 -905 as if fully reinstated herein.

Count 89

Deprivation Of Rights Under Color Of Law: 42 U.S.C. 1983, New York State Const. Art. 1 § 11: Pro Se Status - Right To A Record Of The Evidence prepared By The Tribunal

869     Plaintiff reiterates paragraphs (1) through (868) as if fully reinstated herein for the eighty-ninth cause of action against Defendant.

870     Denial of right to due process occurs when:  A party is denied the right to record of evidence prepared by the court.

871     Plaintiff reiterates ¶¶ 32, 44-47, 48-49 & 78, as if fully reinstated herein.

872     This condition is met, because Defendant allowed Tortfeasors to ignore Plaintiff's demand for a Bill of Particulars, filed June 28, 2022. Defendant then went on to deny Plaintiff's Order to Show Cause to compel Tortfeasors to comply with this demand.

873     This denied Plaintiff a record of the evidence prepared by the court in the case.

874     Plaintiff suffered a loss of the cost of the SA she paid for plus the cost of the additional services in the amount of $1,300.00 and reinstates ¶¶ 889 -905 as if fully reinstated herein.

Count 90

Deprivation Of Rights Under Color Of Law: 42 U.S.C. 1983, New York State Const.
Art. 1 § 11: Pro Se Status - Right To Written Findings Of
The Facts And Reasons For The Decision

875     Plaintiff reiterates paragraphs (1) through (874) as if fully reinstated herein for
the ninetieth cause of action against Defendant.

876     Denial of right to due process occurs when:  A party is denied written findings of
the facts and reasons for the decision.

877     Plaintiff reiterates ¶¶ 32, 44-47, 48-49 & 78, as if fully reinstated herein.

878     This condition is met, because Defendant allowed Tortfeasors to ignore
Plaintiff's demand for a Bill of Particulars, filed June 28, 2022.  Defendant then went on to
deny Plaintiff's Order to Show Cause to compel Tortfeasors to comply with this demand.

879     This denied Plaintiff the facts and reasons for the decision in the case.

880     Plaintiff suffered a loss of the cost of the SA she paid for plus the cost of the
additional services in the amount of $1,300.00 and reinstates ¶¶ 889 -905 as if fully
reinstated herein.


**ADDITIONAL STATE VIOLATIONS**

Count 91

Violation Of 42 U.S.C 1983 Deprivation Of Rights And Equal Protection Clause

881     Plaintiff reiterates paragraphs (1) through (880) as if fully reinstated herein for
the ninety-first cause of action against Defendant.

882.     Defendant further violated New York City Administrative Code (NYCAC) § 8-
107 (4) a.1(a), for unlawful discrimination, and PJI 3:10 h.(1) for intentional conversion of
Plaintiff's property after Plaintiff motioned Defendant to return the SA to Plaintiff.

121

<u>Count 92</u>

<u>Violation Of 42 U.S.C 1983 Deprivation Of Rights And Equal Protection Clause</u>

883     Plaintiff reiterates paragraphs (1) through (805) as if fully reinstated herein for

884.     the ninety-second cause of action against Defendant.

885.     Defendant further violated New York City Administrative Code (NYCAC) § 8-107 (4) a.1(a), for unlawful discrimination – allowing conversion with detention of device.


<u>Count 93</u>

<u>Violation Of 42 U.S.C 1983 Deprivation Of Rights And Equal Protection Clause</u>

886     Plaintiff reiterates paragraphs (1) through (885) as if fully reinstated herein for

887.     the ninety-third cause of action against Defendant.

888.     Defendant further violated New York City Administrative Code (NYCAC) § 8-107 (4) a.1(a), for unlawful discrimination – allowing control of device.


**<u>DAMAGES</u>**

889.     Plaintiff reiterates paragraphs (1) through (888) as if fully reinstated herein.

890.     Plaintiff hereby repeats each and every allegation set forth in the complaint.

891.     WHEREFORE, Plaintiff respectfully demands judgment from the Court in its favor against Defendant for denial of compensation in the State Trail Case: judgment for the Plaintiff' in the amounts to be proven at trial, but not less than:

892.     **$64,000.00** Punitive damages denied by Defendant.

893.     **$250.00** for imposed sanction of additional fee for separate provider February 9, 2023.  Not including **compound interest and late fees** applied to this unpaid bill.

894.     Total damages denied Plaintiff for Defendants failure to properly adjudicate the State Trial Case: **$64,250.00**

895.     For Punitive damages applied at the Federal level the amount is multiplied by 10,  **for a total of $642,500.00 (as a running total),** plus additional costs, fees, and pre and post judgment interest for any of the above as part of this running total.

896.     **Specific performance** to have Defendant amend her December 9, 2022 order granting all damages and relief requested in the original complaint, the summary judgment, as well as the appeal filed May 19, 2023.

## PRAYER OF RELIEF

897.     Grant an Order of **specific performance** for Defendant to amend her December 9, 2022 order granting all damages and relief requested in the original complaint, the summary judgment, as well as the appeal filed May 19, 2023.

898.     Grant an order requiring **Defendant have all her cases reviewed and investigated** by The New York State Commission on Judicial Conduct or another appropriate New York State Administrative Oversight body and abide by its recommendations.

899.     **This includes but is not limited to presenting Plaintiff** with the **amended patient chart** per Plaintiffs direction to remove all false statements **plus court costs, medical bills, fees, pre- and post-judgment interest, costs associated with bringing this case to Court, and any other relief the Court deems appropriate.**

900.     Grant a **full refund** for the services and SA from Tortfeasors in the

amount of **$1,050.00 plus court costs, medical bills, fees, pre- and post-judgment interest, costs associated with bringing this case to Court, and any other relief the Court deems appropriate.**

901.     Grant an Order of **specific performance** of Tortfeasors for the **retrieval of, proof of, and destruction of all records sent to Plaintiff's bank, USAA,** including a **notarized affidavit from USAA that no records were shared** with any other entities and that if they have, that those **entities be identified** and shared with the Court and Plaintiff.

902.     Grant an Order of **specific performance** of an **injunction** for an inspection by a consumer advocacy group and to have Tortfeasors abide by their recommendations.

903.     Grant an Order of **specific performance** of an **apology** from Tortfeasors in Court and via email or letter, to Plaintiff's satisfaction, explaining their deceptive acts and their false disparagement of Plaintiff regarding this transaction.

904.     Grant an Order of **specific performance** of an **apology** from Tortfeasors in Court and via email or letter to USAA explaining their deceptive acts and their false disparagement of Plaintiff regarding this transaction, with a copy sent to Plaintiff.

905.     **Grant any additional relief the Court would deem beneficial to Plaintiff and the general public.**

Dated: December 5, 2023                          Respectfully Submitted,

*[signature]* 12/5/23

Gina Robinson,
*Pro se*
108 West 63rd St
No. 22594
Kansas City, MO 64113
Ginarobinson2018@gmail.com
(646) 266-1142

To:
Hon. Lynn R. Kotler, J.S.C.
New York County
Supreme Court
80 Centre Street
New York, NY 10013
lkotler@nycourts.gov
scarney@nycourts.gov
(646) 386-3339

**UNITED STATES DISTRICT COURT FOR THE**
**SOUTHERN DISTRICT OF NEW YORK**

-----------------------------------------------------------------X
---------------------------------------------

Gina Robinson                                      :                    Civil Action No. ########
               *Plaintiff(s)*   :
                      :                    **SUMMONS**
        v.                           :
                      :
Hon. Lynn R. Kotler                          :                    Index No. 153436/ 2022
J.S.C.                                                   :
           *Defendant(s)*  :
---------------------------------------------
-----------------------------------------------------------------X

**SUMMONS IN A CIVIL ACTION**

To: Lynn R Kotler    Supreme Court of the State of New York
       J.S.C.          80 Centre Street
                 New York, NY 10013

A lawsuit has been filed against you.

Within 21 days after service of this summons on you (not counting the day you received it) – or 60 days if you are the United States or a United States agency, or an officer of the United States described in Fed. R. Civ. The Federal Rules of Civil Procedure.  The answer or motion must be served on the plaintiff or plaintiff's attorney, whose name and address are:

               Gina Robinson
               108 West 63rd St
               No. 22594
               Kansas City, MO 64113

If you fail to respond, judgment by default will be entered against you for the relief demanded in the complaint.  You also must file your answer or motion with the court.

1