UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 2/28/2024
```

------------------------------------------------------------- X
                                            :
GINA ROBINSON,                              :
                                            :
                             Plaintiff,     :           1:23-cv-10623-GHW
                                            :
                -v-                         :           ORDER OF DISMISSAL
                                            :
HON. LYNN R. KOTLER,                        :
                                            :
                             Defendant.     :
                                            :
------------------------------------------------------------- X

GREGORY H. WOODS, United States District Judge:

Plaintiff Gina Robinson commenced this action *pro se* on December 6, 2024, against the

Honorable Lynn R. Kotler, Justice of the New York Supreme Court, New York County.  Dkt. No.

1.  Robinson asserts claims under 42 U.S.C. § 1983 and the Fourteenth Amendment of the U.S.

Constitution, in addition to various New York state laws, challenging Justice Kotler's actions arising

out of a separate state court proceeding Robinson brought in New York Supreme Court.  Justice

Kotler presided over the state court proceeding.  Robinson now seeks damages and injunctive relief,

including an order directing Justice Kotler to grant all the relief Robinson requested in the state

court proceeding.  Dkt. No. 1 ¶¶ 889–905.

On February 2, 2024, the Court ordered Robinson to show cause why this action should not

be dismissed for failure to state a claim, as frivolous, or for lack of subject matter jurisdiction

pursuant to 28 U.S.C. § 1915(e)(2).  Dkt. No. 7 (the "Order to Show Cause").  On February 15,

2024, Robinson filed a response to the Order to Show Cause and separately moved for summary

judgment.  Dkt. Nos. 11, 12.

Robinson's response to the Order to Show Cause fails to show why her claims should not be

dismissed.  As explained in the Order to Show Cause, Robinson's claims against Defendant are

barred by judicial immunity.  Dkt. No. 7 at 4–6.  To the extent Robinson challenges the state court

judgment presided by Justice Kotler, the Court has no jurisdiction over such claims under the *Rooker-Feldman* doctrine. *Id.* at 6–7 (citing *Rooker v. Fidelity Trust Co.*, 263 U.S. 413, 415–16 (1923), and *Dist. of Columbia Ct. of Appeals v. Feldman*, 460 U.S. 462, 482–86 (1983)).

While Robinson argues that "[t]he only possible remedy for Defendant [Justice] Kotler's abuses and violations[] is within the federal court system," Dkt. No. 12 at 8, the federal courts do not sit as super courts of appeal over courts in the state court system. *See Dorce v. City of New York*, 2 F.4th 82, 101 (2d Cir. 2021) ("The *Rooker-Feldman* doctrine bars federal district courts from hearing cases that in effect are appeals from state court judgments, because the Supreme Court is the only federal court with jurisdiction over such cases."). Instead, federal courts are courts of limited jurisdiction, meaning that they can only hear certain types of cases permitted by law. *See Home Depot U.S.A., Inc. v. Jackson*, 139 S. Ct. 1743, 1746 (2019) (quoting *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994)). Robinson has not shown that the Court is empowered to hear her claims. Accordingly, Robinson's claims against Justice Kotler are dismissed.

Robinson raises a number of other objections to the Court's Order to Show Cause. The Court has considered all of those arguments and finds them to lack merit. None undermines the conclusion described above and in the Order to Show Cause. The Court responds to several of Robinson's arguments below.

First, Robinson argues that the Court lacks authority under 28 U.S.C. § 1915 to dismiss this case because she is not proceeding *in forma pauperis*. Dkt. No. 12 at 13. However, the Court may dismiss a case "[n]otwithstanding any filing fee . . . that may have been paid . . . ," 28 U.S.C. § 1915(e)(2), meaning the plaintiff need not be proceeding *in forma pauperis* to permit the Court to dismiss her claims *sua sponte*. *See Fitzgerald v. First E. Seventh St. Tenants Corp.*, 221 F.3d 362, 364 (2d Cir. 2000) (per curiam) ("[W]e hold that district courts may dismiss a frivolous complaint *sua sponte* even when the plaintiff has paid the required filing fee . . . ."); *see also Clark v. Schroeder*, 847 F. App'x

92, 93 (2d Cir. 2021) (summary order) ("Under 28 U.S.C. § 1915(e)(2)(B), district courts must dismiss complaints that are frivolous, malicious, fail to state a claim, or seek monetary relief against a defendant immune from suit regardless of whether the plaintiff has paid the filing fee.").[1]

Second, Robinson argues that the Court erred in stating that she did not seek prospective injunctive relief nor a declaratory decree. Dkt. No. 12 at 18–20. As the Court noted in its Order to Show Cause, however, Robinson asserts claims under 42 U.S.C. § 1983, which specifically provides that, "in any action brought against a judicial officer for an act or omission taken in such officer's judicial capacity, injunctive relief shall not be granted unless a declaratory decree was violated or declaratory relief was unavailable." 42 U.S.C. § 1983. Robinson excerpts her requested relief from her complaint but still fails to show that a declaratory decree was violated or declaratory relief was unavailable, as required. *See* Dkt. No. 12 at 18–20.

Third, Robinson objects to the reassignment of this case to this Court from Chief Judge Laura Taylor Swain, to whom the case was initially assigned. Robinson argues that "[r]emoving the original judge in order to reassign it to the current judge constitutes an act of bias, or at the very least impropriety so brazen it rings of bias in a case involving bias and discrimination by a judge." Dkt. No. 12 at 23. Robinson accuses the District of purposefully removing a Black female judge from her case and re-assigning the case to "a judge more closely aligned with Plaintiff's adversaries . . . ." *Id.* at 25. Robinson's arguments regarding alleged bias by the Court lacks substance. They are pure speculation and need not be addressed in detail. The District routinely assigns *pro se* matters initially

---

[1] Robinson argues that "[i]t is unlikely" the Court has other bases for dismissal of a non-*in forma pauperis* case because "the Court would have cited to that instead of this one." Dkt. No. 12 at 13. However, the Court may dismiss a complaint for lack of subject matter jurisdiction at any time, under Federal Rule of Civil Procedure 12(h)(3), or for failure to state a claim, so long as the plaintiff is given notice and an opportunity to be heard, *see Wachtler v. Cnty. of Herkimer*, 35 F.3d 77, 82 (2d Cir. 1994) ("The district court has the power to dismiss a complaint sua sponte for failure to state a claim, so long as the plaintiff is given notice and an opportunity to be heard." (internal quotation marks and citations omitted)), *abrogated in part on other grounds by Florence v. Bd. of Chosen Freeholders of the Cnty. of Burlington*, 566 U.S. 318 (2012).

to the Chief Judge of the District before they are randomly reassigned to a district judge, as was the case here.  Relatedly, Robinson argues that the Court's decision to issue an Order to Show Cause was "arbitrarily capricious" or discriminatory.  *Id.* at 26–28.  It was neither:  because the claims are barred by judicial immunity and *Rooker-Feldman*, the Court had ample grounds to issue the order.

Fourth, Robinson argues that judicial immunity is an affirmative defense that Justice Kotler, as the Defendant, must raise, rather than the Court.  *Id.* at 29.  However, "courts may consider certain affirmative defenses, such as res judicata and claim preclusion, *sua sponte*."  *Thai-Lao Lignite (Thailand) Co. v. Gov't of Lao People's Democratic Republic*, 864 F.3d 172, 191 (2d Cir. 2017).  In particular, the U.S. Court of Appeals for the Second Circuit has "recognized the authority of courts to raise *sua sponte* affirmative defenses where the defense implicates values beyond the interests of the parties."  *Ethridge v. Bell*, 49 F.4th 674, 681 (2d Cir. 2022) (internal quotation marks and citations omitted) (citing cases permitting *sua sponte* consideration of affirmative defenses such as statute of limitations or abuse of writ).  As the Court noted in the Order to Show Cause, judicial immunity serves the important purpose of insulating judges from harassment and intimidation.  Dkt. No. 7 at 4 (quoting *Young v. Selsky*, 41 F.3d 47, 51 (2d Cir. 1994)).  Therefore, it was appropriate for the Court to raise judicial immunity *sua sponte*, particularly where the applicability of the doctrine was clear on the face of the complaint.  *See also Peeples v. Citta*, 501 F. App'x 109, 111 (3d Cir. 2012) (per curiam) ("[T]he District Court did not err in raising [judicial immunity] sua sponte because the defect was clear from the face of [the] complaint.").

Finally, Robinson requests that the Court "at the very least return the $405.00 filing fee."  Dkt. No. 12 at 35.  "[O]nce paid, there are no refunds of the filing fee regardless of the outcome of [the plaintiff's] claims."  *Velasquez on behalf of J.V. v. Suffolk Cnty. Police (7th Precinct)*, No. 20-CV-2188 (JMA) (AKT), 2020 WL 3000760, at *2 (E.D.N.Y. June 4, 2020); *see also Goins v. Decaro*, 241 F.3d 260, 261 (2d Cir. 2001) ("[F]ee-paying litigants have no opportunity to obtain a refund of their filing

4

fees in the event that they withdraw their appeals . . . ."); *Akassy v. New York Daily News*, No. 14-CV-1725 (LAP), 2014 WL 12909142, at *1 (S.D.N.Y. May 28, 2014) (stating that "once a matter has been adjudicated, the Court cannot return a filing fee" to prisoner plaintiff). The Clerk of Court and this Court have already expended their resources in reviewing Robinson's case. Robinson's request is denied.

The Second Circuit has held that a "*pro se* complaint should not be dismissed without the Court's granting leave to amend at least once when a liberal reading of the complaint gives any indication that a valid claim might be stated." *Grullon v. City of New Haven,* 720 F.3d 133, 139 (2d Cir. 2013) (cleaned up). "Although district judges should, as a general matter, liberally permit *pro se* litigants to amend their pleadings, leave to amend need not be granted when amendment would be futile." *Terry v. Inc. Vill. of Patchogue*, 826 F.3d 631, 633 (2d Cir. 2016). The Court declines to grant Robinson leave to amend her complaint. Any attempt to amend the complaint would be futile, because Robinson is barred by absolute judicial immunity from asserting any of her claims against the sole Defendant, Justice Kotler. Because the defects in Robinson's complaint cannot be cured with an amendment, the Court declines to grant Robinson leave to amend her complaint.

Having dismissed Plaintiff's complaint, Plaintiff's motion for summary judgment is also denied as moot. In any case, Plaintiff's motion for summary judgment, and its supporting materials, do not assert any substantively new argument or show any material fact in dispute that might change the Court's analysis as to whether Plaintiff has shown an entitlement to relief.

The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that any appeal from this order would not be taken in good faith, and therefore *in forma pauperis* status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444–45 (1962).

The Clerk of Court is directed to terminate the motion pending at Dkt. No. 11, enter judgment in favor of Defendant, and close this case.

SO ORDERED.

Dated: February 28, 2024
New York, New York

_____
GREGORY H. WOODS
United States District Judge